# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

KENNARD GERALD JOHNSON,
            *Petitioner-Appellant,*

v.

DOMINGO URIBE,
            *Respondent-Appellee.*

No. 11-55187

D.C. No.
10-CV-00164-GW

OPINION

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted
April 9, 2012—Pasadena, California

Filed June 22, 2012

Before: Andrew J. Kleinfeld and Milan D. Smith, Jr.,
Circuit Judges, and Algenon L. Marbley, District Judge.*

Opinion by Judge Marbley

*The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

## COUNSEL

Michael J. Proctor, Michael V. Schafler (argued), Albert Giang, for petitioner-appellant Kennard Gerald Johnson.

Kamala D. Harris, Attorney General of California, Gary W. Schons, Senior Assistant Attorney General, Kevin R. Vienna, Supervising Deputy Attorney General, Ronald A. Jakob (argued), Deputy Attorney General (argued), for respondent-appellee Domingo Uribe.

---

## OPINION

A. MARBLEY, District Judge:

Kennard G. Johnson was sentenced to eleven years, four months in the Superior Court of California following his entry of a plea of guilty to four theft-related counts for defrauding an auto dealership and stealing a vehicle. He petitioned for a writ of habeas corpus in federal court, which the district court granted. Johnson appeals, challenging the adequacy of the district court's chosen remedy for the violation of Johnson's Sixth Amendment right to effective assistance of counsel. Johnson claims that it was error for the district court to grant the writ subject to imposing a new sentence within the lawful maximum range. Johnson argues that his conviction should be vacated and his *Vargas* waiver voided, thus returning him to the pre-plea stage of proceedings.

The ineffective assistance of counsel Johnson received affected the entire plea negotiation stage of the proceedings in the Superior Court. We hold, therefore, that the district court's decision to grant the writ subject to the state court re-sentencing Johnson failed adequately to remedy the constitutional violation. We AFFIRM the district court's grant of Johnson's habeas petition but VACATE the district court's

remedy. The district court should grant a conditional writ of habeas corpus, subject to the state court vacating Johnson's conviction and granting him a new trial.

## I. BACKGROUND

### A. Johnson's Arrest and Theft Charges[1]

Johnson was arrested for submitting a fraudulent check to a car dealership for $4,000 and providing false information on a credit application in order to steal a vehicle, on or about June 28, 2005. On August 16, 2005, Johnson was charged with three theft-related felonies as well as various enhancements for his prior criminal history.[2] The Public Defender's Office represented Johnson, who pleaded not guilty to the charges, and was released on conditional own-recognizance ("OR") status.

The preliminary hearing was held on April 10, 2006. Johnson was represented by Deputy Public Defender David Durdines. Johnson met Durdines for the first time at this hearing. They only spoke for a couple of minutes that day, and only while they were together in the courtroom. Over the next five months, Durdines spoke with Johnson on only those few occasions that Johnson appeared in court, and for only a few

---

[1]Much of the following factual overview is taken from the November 12, 2010 Report and Recommendation of the Magistrate Judge, which was adopted in full by the district court. *See Johnson v. Uribe*, No. EDCV 10-0164-GW(RC), 2010 U.S. Dist. LEXIS 140578 (C.D. Cal. Nov. 10, 2010).

[2]Johnson was initially charged with one count of unlawful taking of a vehicle (Cal. Veh. Code § 10851), one count of grand theft auto (Cal. Penal Code § 487(d)(1)), and one count of receiving stolen property (Penal Code § 496d(a)). As to all counts, Johnson was alleged to have suffered a prior strike within the meaning of the Three Strikes law, Penal Code §§ 1170.12(a)-(d) and 667(b)-(i) (L.A. No. BA209791), two prior prison terms within the meaning of Penal Code § 667.5(b) (L.A. Nos. KA055864 and VA062637), and a prior Penal Code § 487(d) conviction within the meaning of Penal Code § 666.5.

minutes each time. Durdines did not interview Johnson about the events underlying the charges against him or ask Johnson's version of the underlying facts, nor did Durdines ask Johnson about the enhancements or prior criminal history alleged against him.

On April 12, 2006, the People filed the Information against Johnson, setting forth the same charges, prior strike, two prior prison terms, and prior grand theft conviction alleged in the felony complaint. On April 19, 2006, Johnson pleaded not guilty to the charges in the Information.

The People subsequently filed a First Amended Information against Johnson on May 26, 2006. The First Amended Information differed from the initial Information by adding a count for forgery, and adding three additional prior prison terms for enhancements to Johnson's sentence. It is now undisputed, however, that these three prior prison terms do not fall within the meaning of Penal Code § 667.5(b)[3] and should not have served as additional enhancements of Johnson's sentence.

Also on May 26, 2006, Johnson was arraigned and pleaded not guilty to all charges and enhancements alleged in the First Amended Information. At the hearing, Johnson was again represented by Durdines, who only engaged in a brief conversation with Johnson and did not discuss the First Amended Information with Johnson, the events underlying any of the charges (new or old), or the enhancements alleged in the First Amended Information.

Prior to May 30, 2006, the People made a plea offer of five years and a strike to Johnson. Durdines only discussed this offer with Johnson for two or three minutes and did not advise

_____

[3]Cal. Pen. Code § 667.5 provides the requirements for enhancements of prison terms for new offenses because of prior prison terms.

him about whether he should accept or reject the offer. Johnson subsequently rejected the offer on May 30, 2006.

### B. Johnson's *Vargas* Waiver and Guilty Plea

Johnson failed to appear at his next scheduled hearing, and his OR status was revoked as a result. Johnson was placed in custody, and was still in custody at the pretrial hearing on September 8, 2006. At the pretrial hearing, Johnson conveyed to Durdines his desire to be released on OR or bail so he could be present for the upcoming birth of his child, occurring sometime later that month. Durdines approached the government with Johnson's request.

The prosecutor advised Durdines that since Johnson had previously failed to appear at a hearing, she would only agree to Johnson's OR release if Johnson agreed to enter into a *Vargas* waiver, pursuant to *People v. Vargas*, 223 Cal. App. 3d 1107, 273 Cal. Rptr. 48 (Cal. Ct. App. 1990) (hereafter, the "*Vargas* waiver"), in which Johnson would plead guilty to all charges and alleged enhancements and accept a sentence of fourteen years and four months, which she believed to be the maximum sentence on those offenses and enhancements. Under the terms of the *Vargas* waiver, if Johnson complied with the conditions of his release and returned to court for resentencing, the People would agree to a lower sentence of six years and would not file any new charges against Johnson for failing to appear on June 16, 2006.

When Durdines relayed the People's specific plea offer of fourteen years and four months to Johnson later that day, Durdines had not interviewed Johnson about the facts of his case or the charges and enhancements alleged against him, had not discussed Johnson's case or priors with anyone from the district attorney's office, had not done any investigation into Johnson's alleged priors, and had not done any legal research on possible sentencing options for the alleged charges and enhancements.

Durdines did advise Johnson that agreeing to a *Vargas* waiver is generally not a good idea because of the risks involved if Johnson were unable to comply with the conditions of his release. As stated by the Magistrate Judge, Durdines neglected to "advise [Johnson] that the People's specific offer of fourteen years and four months was an unlawful sentence that was greater than the sentence authorized by California law and greater than the sentence that [Johnson] could receive if he went to trial and was found guilty of all charges and the alleged enhancements were proven."

On Durdines's advice, Johnson accepted the government's offer, and, through Durdines, he entered into a negotiated plea agreement including a *Vargas* waiver. Under the terms of the agreement, Johnson agreed to plead guilty to all counts and admit all prior conviction allegations for the maximum prison sentence of fourteen years and four months, with the promise that his sentence would be reduced to six years if he returned to court on September 22, 2006, for resentencing with no new violations of law. Durdines joined and concurred in the plea, and the court accepted the plea and *Vargas* waiver. Johnson was sentenced to fourteen years and four months, with the imposition of the sentence stayed pending his "resentencing" to a six-year term. The court thereupon released Johnson once again on OR status.

On September 22, 2006, Johnson appeared in Superior Court with Durdines for the scheduled resentencing hearing, but the court continued the resentencing to September 29, 2006. Johnson failed to appear for resentencing on September 29, 2006, and the Superior Court revoked Johnson's OR release and bail and issued a bench warrant for Johnson's arrest. On October 3, 2007, the bench warrant was recalled and Johnson, who was then in county jail, appeared electronically. On March 21, 2008, the Superior Court found Johnson in violation of the *Vargas* conditions for failing to appear for resentencing at the September 29, 2006 hearing, and lifted the

stay on the previously imposed sentence of fourteen years and four months.

## C.   The District Court Grants the Habeas Petition

Johnson unsuccessfully appealed his sentence, claiming ineffective assistance of counsel, to the California Court of Appeal and the California Supreme Court. On February 2, 2010, after exhausting claims in state court, he filed a habeas petition in federal district court alleging ineffective assistance of trial counsel due to his counsel's failure adequately to advise him prior to his plea, or to object to the sentence imposed by the trial court. On August 5, 2010, Appellee Domingo Uribe, Jr., in his capacity as California state prison warden, filed a supplemental memorandum in which he conceded that three of the one-year prior conviction enhancements to which Johnson initially pled and was sentenced under were invalid. Uribe argued that the plea and sentence were proper and authorized by law in all other respects.

On October 13, 2010, Magistrate Judge Chapman held an evidentiary hearing on Johnson's habeas corpus petition. Johnson, his trial counsel Durdines, and the prosecutor who negotiated Johnson's plea agreement testified at the hearing. The Magistrate Judge, in her Report and Recommendation, determined, *inter alia*, that Johnson had received ineffective assistance of counsel in violation of the Sixth Amendment, and recommended that the district court grant Johnson's habeas petition.

The Magistrate Judge also found, however, that "[i]t is clear that [Johnson] would have accepted the People's offer of the Vargas waiver had his defense counsel provided effective assistance and made sure the statutory maximum was properly calculated at less than the term [Johnson] accepted as part of his guilty plea." The Magistrate Judge recommended remedying the constitutional violation by "granting petitioner's habeas corpus petition, and requiring respondent

to release petitioner within 120 days of the entry of Judgment unless the San Bernadino County Superior Court, within that time period, resentences petitioner to a lawful sentence."

The district court approved and adopted the Report and Recommendation's findings of fact and conclusions of law, and granted Johnson's habeas petition, finding that Johnson's defense counsel had "rendered ineffective assistance in violation of [Johnson's] Sixth Amendment rights when he failed to advise [Johnson] he was pleading guilty to an unlawful sentence," and that Johnson was prejudiced as a result. The district court ordered Johnson released within 120 days unless the state court resentenced him to a lawful sentence.

Concurrently, the district court granted a Certificate of Appealability to this Court under 28 U.S.C. § 2253(c)(2) as to the remedy afforded to Johnson. In the Certificate of Appealability, the district court acknowledged that "reasonable jurists would find the district court's remedy of the violation of petitioner's constitutional rights debatable since this Court has remanded the matter to the state courts to resentence petitioner to a lawful term, rather than vacating the guilty plea." On January 31, 2011, Johnson timely filed a Notice of Appeal in this Court.

After the district court granted the habeas petition, on March 4, 2011, the Superior Court struck the three prior convictions that did not qualify as enhancements under Penal Code § 667.5(b), and modified Johnson's sentence to the adjusted maximum term of eleven years and four months. The court issued its judgment and ordered an amended abstract of conviction.[4] Johnson is currently imprisoned and serving his sentence at California State Prison in Norco, California.

---

[4]Appellant has submitted, in support of his Opening Brief, a certified Reporter's Transcript of Oral Proceedings on March 4, 2011, covering Johnson's resentencing hearing in Superior Court. Johnson moves the Court to take judicial notice of the transcript under Fed. R. Evid. 201,

## II.   JURISDICTION

We have jurisdiction over this appeal from a district court's final order in a habeas corpus proceeding under 28 U.S.C. § 2253(a).

## III.   ANALYSIS

### A.   The District Court's Remedy for the Ineffective Assistance of Counsel

#### 1.   Standard of Review

A district court's determination of the appropriate remedy for a constitutional violation on a habeas petition is reviewed for abuse of discretion. *Chioino v. Kernan*, 581 F.3d 1182, 1184 (9th Cir. 2009). In general terms, we have held that a district court abuses its discretion "when it makes an error of law, when it rests its decision on clearly erroneous findings of fact, or when we are left with a definite and firm conviction that the district court committed a clear error of judgment." *United States v. Ressam*, No. 09-30000, 2012 U.S. App. LEXIS 9255, at *45 (9th Cir. May 4, 2012) (en banc) (internal quotations omitted).

---

which provides that the court may judicially notice a fact that is not subject to reasonable dispute because it:

> (1) is generally known within the trial court's territorial jurisdiction; or

> (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

Fed. R. Evid. 201(b).

The transcript is a certified copy from the state court whose accuracy cannot reasonably be questioned. Appellant's unopposed motion is granted, and we take judicial notice of the transcript of proceedings.

## 2.   Discussion

**[1]** In its two recent companion decisions of *Missouri v. Frye* and *Lafler v. Cooper*, the Supreme Court reaffirmed that defendants have a Sixth Amendment right to effective assistance of counsel "at all critical stages of the criminal proceedings," which includes "the entry of a guilty plea," but also extends to the "plea-bargaining process" as a whole. *See Missouri v. Frye*, 132 S. Ct. 1399, 1406 (March 21, 2012) (recognizing that "[p]lea bargains have become so central to the administration of the criminal justice system that defense counsel have responsibilities in the plea bargain process, responsibilities that must be met to render the adequate assistance of counsel that the Sixth Amendment requires"); *Lafler v. Cooper*, 132 S. Ct. 1376, 1387 (March 21, 2012) (holding, *inter alia*, that "[i]f a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it").

That Johnson received ineffective assistance of counsel in the Superior Court, and that he was prejudiced by that ineffective assistance, are both settled issues.[5] Neither party disputes the district court's finding that Durdines rendered ineffective assistance to Johnson by failing to "perform an adequate investigation into the facts of [Johnson]'s case or the sentence enhancements alleged against [Johnson] before [Johnson] pleaded guilty," which was compounded "by his evident misunderstanding of the law surrounding P.C. § 667.5(b) enhancements."

It is also undisputed that Johnson's current sentence of eleven years and four months is now within the lawful sentencing range under the California Penal Code. Johnson nevertheless contends that the district court's remedy of granting

---

[5]*See, e.g., Lafler*, 132 S.Ct at 1391 (where, because "the fact of deficient performance has been conceded by all parties," the Court found "no need to address this question").

the petition subject to the state court resentencing Johnson within the lawful range was insufficient to cure Durdines's ineffective assistance of counsel, and constituted an abuse of discretion, because it did not permit Johnson to withdraw his guilty plea and void his *Vargas* waiver. Specifically, Johnson argues that resentencing him under the same plea agreement, while simply adjusting the term to reflect the removal of the three invalid enhancements, did not place him in the position he would have been in prior to receiving the ineffective assistance, because it fails to address the ineffective assistance Johnson received throughout the pre-plea stage of the proceedings.

Uribe retorts that the district court's factual findings are entitled to deference, and the district court determined that Johnson would have accepted the *Vargas* waiver agreement even if he had been competently advised of the correct maximum sentence for his plea. Uribe contends that the district court's remedy gave Johnson the full "benefit of the bargain" by resentencing him to the lawful maximum, taking three years off of his sentence. As Johnson does not challenge the correctness of the calculated enhancements to his new sentence, Uribe claims, it follows that the district court's exercise of discretion was appropriate and the judgment should be affirmed.

Federal courts are authorized, under 28 U.S.C. § 2243, to dispose of habeas corpus matters "as law and justice require." District courts enjoy "broad" discretion in fashioning remedies for habeas relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987). The court's discretion, however, is still bound by the Constitution, which "constrains our ability to allocate as we see fit the cost of ineffective assistance." *Kimmelman v. Morrison*, 477 U.S. 365, 379 (1986) ("The Sixth Amendment mandates that the State bear the risk of constitutionally deficient assistance of counsel.").

**[2]** An adequate Sixth Amendment remedy "must 'neutralize the taint' of a constitutional violation, while at the same

time not grant a windfall to the defendant or needlessly squander the considerable resources the State properly invested in the criminal prosecution." *Lafler*, 132 S. Ct. at 1388 (quoting *United States v. Morrison*, 449 U. S. 361, 365 (1981)) (internal citations omitted). The court's remedy "should put the defendant back in the position he would have been in if the Sixth Amendment violation never occurred," *Chioino*, 581 F.3d at 1184 (quotations omitted), but without "unnecessarily infring[ing] on competing interests." *Lafler*, 132 S. Ct. at 1388.

The Magistrate Judge determined that counsel in this case provided ineffective assistance before, during, and after the plea negotiation stage, as well as at the time Johnson entered his unconstitutional guilty plea with a *Vargas* waiver:

> First, Mr. Durdines did not perform an adequate investigation into the facts of [Johnson's] case or the sentence enhancements alleged against [Johnson] before [Johnson] pleaded guilty. Indeed, prior to [Johnson]'s guilty plea, Mr. Durdines had not interviewed [Johnson] about the charges and enhancements alleged against him, had not discussed the facts of [Johnson's] case or the alleged priors with anyone in the district attorney's office, had done absolutely no investigation into [Johnson's] prior convictions, and had not done any legal research on possible sentencing options. . . Rather, Mr. Durdines blindly and blithely accepted the accuracy of the sentence enhancements alleged against [Johnson] in the first amended information.

**[3]** As a result of this litany of shortcomings, the Magistrate Judge determined that "Mr. Durdines did not, and could not, competently advise petitioner about the merits of the *Vargas* offer." While we agree with this conclusion, it does not go far enough. Durdines's failure to provide any of the requisite assistance to Johnson regarding the charges and enhance-

ments contained in the First Amended Information rendered Durdines's assistance ineffective not only during Johnson's negotiation and acceptance of the *Vargas* plea, but also for the entire plea negotiation stage, from the filing of the First Amended Information onward. To be constitutionally sufficient, therefore, the remedy must account for that period of ineffective assistance as well. *Chioino*, 581 F.3d at 1184.

Uribe rests his argument for affirming the remedy on the additional ruling by the district court that, despite defense counsel's ineffectiveness, "it is clear that [Johnson] would have accepted the People's offer of the *Vargas* waiver had his defense counsel provided effective assistance and made sure the statutory maximum was properly calculated at less than the term [Johnson] accepted as part of his guilty plea." The court made this determination based on the Magistrate Judge's factual findings that Johnson: (i) "understood that the offer of the *Vargas* waiver required him to serve the maximum sentence on all of the charges and enhancements alleged against him . . . if he did not comply with the conditions of his release," and (ii) that Johnson entered into the *Vargas* waiver with that full knowledge "so he could be released on his own recognizance in time to attend the birth of his child."

**[4]** In the report and recommendation, the Magistrate Judge stated that "[g]enerally, this means that a defendant who has entered into a plea bargain contemplating an illegal sentence may withdraw his guilty plea." *Johnson v. Uribe*, No. EDCV 10-0164-GW(RC), 2010 U.S. Dist. LEXIS 140578, at *53 (C.D. Cal. Nov. 12, 2010) (citing *Smith v. United States*, 321 F.2d 954, 955-56 (9th Cir. 1963); *United States v. Greatwalker*, 285 F.3d 727, 730 (8th Cir. 2002)). Because the Magistrate Judge determined that Johnson would have accepted the government's plea offer with the *Vargas* waiver even with effective counsel, however, she recommended granting the petition subject only to lawful resentencing. We find that this decision, adopted by the district court, was an abuse of discretion.

**[5]** It is well-established that "in some situations it may be that resentencing alone will not be full redress for the constitutional injury." *Lafler*, 132 S. Ct. at 1389. This is one such situation. The Sixth Amendment violation here caused the entire plea negotiation process between Johnson and the prosecution to be conducted based on an erroneous sentencing calculation, weighted against Johnson. As a result, he is entitled to be returned to that pre-plea stage and proceed under the correctly-calculated sentencing range.

Durdines's failure to identify and correct the First Amended Information's erroneous addition of three of Johnson's prior prison terms for enhancement under Cal. Penal Code § 667.5(b) affected more than just the sentence imposed pursuant to the final plea agreement. The inaccurate enhancements fundamentally altered the bargaining position of the two parties for the entire plea negotiation period, which began as soon as the First Amended Information was filed against Johnson on May 26, 2006. Consequently, in the period leading up to the September 8, 2006 pretrial hearing, the government extended plea offers to Johnson which were most likely less desirable than they would have been had the erroneous enhancements been removed.

Had Johnson's assistance of counsel been constitutionally adequate, his attorney would have duly objected to the erroneous calculation of three additional enhancements at the outset, and the government would have been negotiating from a "weaker," and certainly different, prospective sentencing position. A correct calculation, therefore, could have resulted in more favorable plea offers for Johnson prior to September 8, 2006. The government extended Johnson at least one plea offer under the erroneously-calculated First Amended Information during the time leading up to the *Vargas* plea. Johnson rejected those offers, but he may have accepted a more favorable one, for example, before reaching the point where it became necessary for him to enter into the *Vargas* plea.

The appropriate remedy here—and the only remedy that places Johnson, with certainty, "back in the position he would have been in if the Sixth Amendment violation never occurred," *Chioino*, 581 F.3d at 1184—is to return Johnson to the pre-plea stage of the proceedings. Johnson must then be permitted to "bargain" from the position he would have been in had his counsel correctly calculated the legal maximum sentence and valid sentencing enhancements. Unlike the district court's half-measure of simply re-sentencing him, the only way to ensure Johnson is not prejudiced by the Sixth Amendment violation is to grant the writ of habeas corpus subject to the state court vacating Johnson's guilty plea, which was entered with the "taint" of ineffective assistance of counsel. *See Padilla v. Kentucky,* 130 S. Ct. 1473, 1485 (2010) (describing the "[t]he nature of relief secured by a successful collateral [habeas] challenge to a guilty plea" as being "an opportunity to withdraw the plea").

Although the district court found that Johnson would still have entered into the *Vargas* waiver when it was offered, we cannot properly determine whether, with effective assistance of counsel, Johnson would have even reached that point in the proceedings. It is impossible for us to know how the earlier stages of the plea negotiation process might have progressed had Durdines rendered effective counsel from the outset by correctly evaluating the charges against Johnson. Where, as here, it is mere speculation to assume that the plea negotiations would have progressed in a similar fashion with competent counsel, we cannot allow the defendant to be prejudiced by that uncertainty. *See United States v. Blaylock*, 20 F.3d 1458, 1469 (9th Cir. 1994) ("The Sixth Amendment mandates that the State [or the government] bear the risk of constitutionally deficient assistance of counsel.") (quoting *Kimmelman v. Morrison*, 477 U.S. 365 (1986)).

**[6]** Contrary to the assertion of Uribe, we are not second-guessing the evidentiary findings of the district court by vacating the remedy and ordering Johnson released, unless the

State court vacates Johnson's guilty plea. We merely replace the remedy, which was inadequate in light of the court's findings. The district court's remedy was contrary to the established general principles for remedying a Sixth Amendment violation of ineffective assistance of counsel occurring during the plea negotiation stage, and furthermore, it failed fully to redress the constitutional error in this particular case.

## IV. CONCLUSION

We AFFIRM the district court's grant of Johnson's habeas petition but VACATE the district court's remedy. The district court shall grant a conditional writ of habeas corpus, subject to the state court vacating Johnson's conviction and granting him a new trial.