**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

KENNARD GERALD JOHNSON,
*Petitioner - Appellant*,

v.

DOMINGO URIBE,
*Defendant - Appellee*.

No. 11-55187

D.C. No.
10-CV-00164-GW

ORDER

Filed November 5, 2012

Before: Andrew J. Kleinfeld and Milan D. Smith, Jr.,
Circuit Judges, and Algenon L. Marbley, District Judge.[*]

Order;
Dissent by Chief Judge Kozinski;
Dissent by Judge Bea

---

[*] The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

## SUMMARY[**]

---

### Habeas Corpus

The panel amended its opinion filed on June 22, 2012 by adding a footnote, and denied a petition for rehearing and for rehearing en banc.

In the original opinion, the panel affirmed the district court's grant of a 28 U.S.C. § 2254 habeas corpus petition due to ineffective assistance of counsel for failure to properly advise petitioner that he was pleading guilty to an unlawful sentence, but vacated the remedy. The panel held that petitioner was entitled to be returned to the position he would have been in if the Sixth Amendment violation never occurred. Because counsel's ineffective assistance affected the entire plea negotiation stage of the proceedings, the district court's decision to grant the writ subject to the state court re-sentencing petitioner failed adequately to remedy the constitutional violation. The panel affirmed the grant of relief, but vacated the district court's remedy and instead remanded for a conditional writ to issue subject to the state court vacating the conviction and granting a new trial.

Chief Judge Kozinski dissented from the denial of rehearing en banc, joined by Judges O'Scannlain, Tallman, Bybee, Callahan, Bea and Ikuta, because the panel failed to give proper deference to the district court's exercise of discretion in selecting a habeas remedy. Chief Judge

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Kozinski explained that the panel mistakenly believed that the magistrate judge found counsel ineffective before, during and after the plea negotiation state, as well as at the time Johnson entered his guilty plea; the district court never found ineffective assistance at the negotiation stage but only as to the miscalculation of the sentence. The Chief Judge further explained that there could not be prejudice during the plea negotiations because Johnson never alleged any, and that Johnson himself asked the district court for resentencing. Moreover, the Chief Judge observed that Johnson never exhausted a claim of pre-plea ineffective assistance, so the district court could not grant relief on it. Chief Judge Kozinski concluded that the panel made a series of errors, and the full court should have taken this case en banc.

Judge Bea dissented from the denial of rehearing en banc, joined by Chief Judge Kozinski and Judges O'Scannlain, Callahan and Ikuta. Judge Bea agreed with Chief Judge Kozinski that the panel abused its own discretion by failing to give the correct level of deference to trial courts. He observed that this failure to give proper deference is a recurrent problem.

---

## ORDER

The opinion filed June 22, 2012, and published at 682 F.3d 1238, is amended as follows:

On page 1243, left column, line 14, add the following footnote after the citation to *United States v. Ressam*: <In *United States v. Hinkson*, 585 F.3d 1247 (9th Cir. 2009) (en banc), we adopted a two-part test to more precisely and

objectively apply our review for abuse of discretion. First we "consider whether the district court identified the correct legal standard for decision of the issue before it. Second, the test then requires us to determine whether the district court's findings of fact, and its application of those findings of fact to the correct legal standard, were illogical, implausible, or without support in inferences that may be drawn from facts in the record." *Hinkson*, 585 F.3d at 1251.>

This footnote shall be designated as footnote 5, and the subsequent footnote, on page 1243, left column, line 35, shall be designated as footnote 6.

With this amendment, the panel has voted unanimously to deny the petition for rehearing. Judge M. Smith voted to deny the petition for rehearing en banc, and Judges Kleinfeld and Marbley so recommend.

A judge of this court called for this case to be reheard en banc. A vote was taken, and a majority of the active judges of the court did not vote for a rehearing en banc. Fed. R. App. P. 35(f).

The petition for panel rehearing and rehearing en banc is therefore DENIED. No further petitions for panel or en banc rehearing will be entertained in this case.

---

Chief Judge KOZINSKI, with whom Judges O'SCANNLAIN, TALLMAN, BYBEE, CALLAHAN, BEA and IKUTA join, dissenting from the order denying the petition for rehearing en banc:

There's a very good reason appellate panels must defer to the broad discretion of district courts in fashioning habeas remedies, a reason other than that the Supreme Court has said so: These remedies call for complex, fact-based work with numerous pleadings and balancing of multiple competing interests. When an appellate panel second-guesses the district court's judgment, it's liable to get things wrong, sometimes very wrong. Don't believe me? Read on.

\* \* \*

Locked up awaiting trial, Kennard Johnson wanted a way out so he could see the birth of his son. Report and Recommendation of a U.S. Mag. Judge 15, *Johnson v. Uribe*, No. EDCV 10-0164-GW(RC) (C.D. Cal. Nov. 12, 2010). At Johnson's urging, counsel negotiated a deal: Johnson would plead guilty to all charges and enhancements and receive the maximum sentence of fourteen years and four months, but he'd be furloughed prior to the start of the sentence so he could attend the birth. *Id*. at 15–16. But if Johnson adhered to the conditions of his release, the prosecutor would agree to a lower sentence of six years. *Id*. at 16. Johnson took the deal in time to see his son's birth, *id*. at 18, but he violated his conditions of release, *id*. at 19. That triggered the higher sentence—a sentence that turned out to be three years longer than permitted by law. *Id*. at 35. On federal habeas, Johnson claimed that ineffective assistance of counsel had caused him to accept the miscalculated plea. *Id*. at 4. The district court agreed and ordered Johnson resentenced to a legal term. Order Adopting Report and Recommendation 2, *Johnson v. Uribe*, No. ED CV 10-164-GW(JEM) (C.D. Cal. Jan. 25, 2011). The state is willing to accept the reduced sentence.

We have been told that district courts have broad discretion in selecting habeas remedies, *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987), so that should have been the end of it. But a panel of our court knows better; it holds that the district court abused its discretion by ordering mere resentencing. *Johnson v. Uribe*, 682 F.3d 1238, 1245 (9th Cir. 2012). In the panel's estimation, nothing short of vacating Johnson's guilty plea will do. *Id*. at 1246. Not only does this make mincemeat of the Supreme Court's firm instruction that the choice of habeas remedy rests with the district court; it also tramples several established procedural rules, mucking up our law on exhaustion of remedies and amendment of habeas petitions. There certainly *was* abuse of discretion in this case, but it was committed by our panel, not the district court.

**1.** The panel's conclusion that vacating the conviction was the only appropriate remedy rests on the mistaken belief that the magistrate judge found ineffective assistance of counsel (IAC) "*before, during, and after the plea negotiation stage*, as well as at the time Johnson entered his unconstitutional guilty plea." *Id*. at 1244 (emphasis added). According to the panel, the district court's remedy is defective because it addresses only the ineffectiveness relating to the plea itself: "To be constitutionally sufficient," the panel holds, "the remedy must account for that [pre-sentencing] period of ineffective assistance as well." *Id*. at 1245. But the district court never found IAC at the negotiation stage; it found ineffective assistance only as to the miscalculation of the sentence. *See* Report and Recommendation of a U.S. Mag. Judge 17, 18, 35, 36, 41–42, *Johnson v. Uribe*, No. EDCV 10-0164-GW(RC) (C.D. Cal. Nov. 12, 2010).

In alluding to additional ineffectiveness findings, the panel is either making its own findings or hopelessly confused. While the district court noted counsel's lackluster performance throughout his representation of Johnson, this is not enough to establish IAC in the constitutional sense. For that, Johnson also needs a finding that the poor performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). And the district court found prejudice only with respect to counsel's errors relating to the miscalculated plea. That prejudice was remedied by resentencing. Without a finding that counsel's other missteps prejudiced Johnson, there is no IAC in need of correction.

**2.** Nor could there be, because Johnson never alleged ineffectiveness during the plea negotiations. Johnson's federal habeas petition focused narrowly on the illegal sentence: First, he claimed counsel "fail[ed] to object to imposition of a sentence clearly higher than authorized by law and to convictions unauthorized by law." Pet. for Writ of Habeas Corpus 5, *Johnson v. Uribe*, No. EDCV 10-00164-GW(RC) (C.D. Cal. Feb. 2, 2010). Second, he claimed counsel "fail[ed] to advise me that the plea agreement required a plea to illegal convictions and a sentence clearly higher than authorized by law." *Id*.

Johnson did not move to amend his habeas petition to claim he suffered IAC because his lawyer was an insufficiently crafty negotiator. The state was given no opportunity to address any such claim. It makes a mockery of orderly procedure and the statutory limits imposed on federal courts in considering habeas petitions to let Johnson amend his petition retroactively on appeal. This is a wide-open door

through which many a habeas petitioner will try to walk out
of prison.

**3.** It's actually even worse: Johnson himself asked the
district court for resentencing. In Johnson's district court
traverse, he argued that the ineffective assistance he received
"warrant[ed] reversal of the convictions, remanding of the
unlawful sentence, and resentencing him approprietly [sic]
under the law." Traverse to Resp't's Answer to the Pet. for
Writ of Habeas Corpus 7, *Johnson v. Uribe*, No. EDCV 10-
164-GW(RC) (C.D. Cal. Jun. 7, 2010). A page later, he
claimed that "[t]he unlawful sentence should be vacated, the
plea rescinded, and the appropriate sentence imposed." *Id*. at
8. After he was given a lawyer, Johnson asked for vacatur of
the guilty plea but continued to argue that, "[a]lternatively, the
Court should vacate [his] sentence and return his case for
resentencing." Pet'r's Post-Hr'g Br. in Supp. of Pet. for Writ
of Habeas Corpus 13, *Johnson v. Uribe*, No. EDCV 10-164-
GW(RCx) (C.D. Cal. Oct. 27, 2010). It wasn't until the
magistrate judge recommended granting relief and ordering
resentencing that Johnson first claimed that resentencing is
insufficient. Pet'r's Objections to the Report and
Recommendation 13–15, *Johnson v. Uribe*, No. EDCV 10-
164-GW(RCx) (C.D. Cal. Nov. 29, 2010). How could the
district court have abused its discretion by giving Johnson the
relief he asked for?

**4.** Even if the panel could sidestep these problems,
there's still an insurmountable hurdle to finding that
Johnson's lawyer committed IAC at the pre-plea stages of the
proceedings: Johnson never exhausted that claim, so the
district court *couldn't* grant relief on it. *See* 28 U.S.C.
§ 2254(b)(1)(A). The opinion of the California Court of

Appeal, the last reasoned decision, shows that Johnson raised four grounds of ineffective assistance, none of which alleged ineffectiveness "before, during, and after the plea negotiation stage." The first three alleged counsel was ineffective in signing off on a guilty plea that impermissibly double-counted various charges. *People v. Johnson*, No. E045514, 2009 WL 1365764, at \*2 (Cal. Ct. App. June 17, 2009). The fourth was the one on which the district court granted relief: Counsel "concurred in the plea agreement and allowed defendant to be sentenced" based on the miscalculated plea. *Id*. All other claims are unexhausted, thus precluding the district court from considering whether there was ineffective assistance of counsel at any stage of the proceedings prior to sentencing. AEDPA bars the district court from granting the type of relief the panel holds to be mandatory. In the Ninth Circuit, it's now an abuse of discretion to comply with AEDPA.

**5.** Finally, the panel shows a total lack of interest in what the Supreme Court has said about district courts' discretion in fashioning habeas remedies in general, and IAC remedies in particular. The Court has instructed that habeas corpus "is, at its core, an equitable remedy," *Schlup v. Delo*, 513 U.S. 298, 319 (1995), and that district courts possess "broad discretion" in fashioning remedies "to dispose of habeas corpus matters as law and justice require," *Hilton*, 481 U.S. at 775 (internal quotation marks omitted). In so doing, the district court must choose a remedy that is "tailored to the injury suffered from the constitutional violation" and does "not unnecessarily infringe on competing interests." *Lafler v. Cooper*, 132 S. Ct. 1376, 1388 (2012) (quotation marks omitted). Vacating a conviction often isn't appropriate because it imposes "substantial social costs" on "jurors, witnesses, courts, the

prosecution, and the defendants." *United States v. Mechanik*, 475 U.S. 66, 72 (1986).

The district court took these admonitions seriously. It focused its remedy on the constitutional violation it had found: the lawyer's acquiescence in an illegal sentence. The remedy it selected addresses the constitutional violation while inflicting the minimum costs on society. Because there were not, and could not have been, any other ineffectiveness findings, there was nothing else to remedy and thus no reason to vacate the conviction.

In concluding that this was an abuse of discretion, the panel changes the focus from aspects of counsel's performance that were found to be ineffective to other aspects that were *not* found to be ineffective. "[I]t is mere speculation to assume that the plea negotiations would have progressed in a similar fashion with competent counsel," the panel writes, holding that it "cannot allow the defendant to be prejudiced by that uncertainty." *Johnson*, 682 F.3d at 1246. But it is the panel that engages in untethered speculation. The district court wasn't asked to find, and couldn't find, that Johnson was prejudiced by whatever poor performance counsel rendered prior to the actual plea. It is this missing prejudice finding that causes the uncertainty the panel worries about. Since it was petitioner's burden to show prejudice, the risk of that uncertainty must fall on him. The panel thus shatters yet another ironclad federal habeas rule by holding that mere suspicion of prejudice *requires* a habeas remedy. Prisoners will be dancing in their cells once word of this gets out.

\* \* \*

The panel here made a series of errors that upend our AEDPA jurisprudence.  But the biggest error is the full court's failure to go en banc to rein in this renegade opinion. The en banc process exists so we can fix our own messes before they get fixed for us.  We should have taken advantage of that opportunity.

---

Judge BEA, dissenting from the order denying the petition for rehearing en banc, joined by Chief Judge KOZINSKI, and Judges O'SCANNLAIN, CALLAHAN, AND IKUTA:

Chief Judge Kozinski couldn't be more right that the panel in this case abused its own discretion by failing to give the correct level of deference to trial courts.  Failure to properly defer to district—and state—courts is a recurrent problem.  *See, e.g.*, *Moore v. Czerniak*, 574 F.3d 1092 (9th Cir. 2009), *rev'd by*, *Premo v. Moore*, 131 S. Ct. 733 (2011); *Hoffman v. Arave*, 455 F.3d 926 (9th Cir. 2006), *rev'd by*, *Arave v. Hoffman*, 552 U.S. 117 (2008); *Collins v. Rice*, 365 F.3d 667 (9th Cir. 2004), *rev'd by*, *Rice v. Collins*, 546 U.S. 333 (2006).

This problem is why we went en banc in *United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc), *cert denied*, 131 S. Ct. 2096 (2011), to revise and clarify exactly what "abuse of discretion" review entails.  *Hinkson* held that, under abuse of discretion review, this court should not second guess the district court, so long as the district court's finding was within its power to make.  We also looked at the many ambiguous ways the abuse of discretion standard had been phrased, and went to great lengths to put the standard in more

objective wording to qualify the clearly subjective "definite
and firm conviction" standard.  In the end, we articulated the
following standard for abuse of discretion review:

> [W]e first look to whether the trial court identified
> and applied the correct legal rule to the relief
> requested.  Second, we look to whether the trial
> court's resolution of the motion resulted from a
> factual finding that was illogical, implausible, or
> without support in inferences that may be drawn from
> the facts in the record.

*Hinkson*, 585 F.3d at 1263.  "[O]nly then are we able to have
a 'definite and firm conviction' that the district court reached
a conclusion that was a 'mistake' or was not among its
'permissible' options, and thus that it abused its discretion by
making a clearly erroneous finding of fact."  *Id*. at 1262.

Despite the panel's inclusion of a footnote cite to *Hinkson*
in its revised opinion, the panel continues to conduct a wishy-
washy, "what I would have done if I were the trial court," *de
novo* review instead of actually applying the structured
analysis set forth in *Hinkson*.

The factual finding upon which the district court ordered
Johnson to be re-sentenced was its finding that, as part of his
waiver pursuant to *People v. Vargas*, 223 Cal. App. 3d 1107,
273 Cal. Rptr. 48 (Cal. Ct. App. 1990), Johnson would have
accepted a "bail" of 11 years and 4 months should he not
appear for his sentencing hearing or violate the conditions of
his release.  This was a perfectly plausible and logical finding,
supported by the record, given that Johnson had already

agreed to a maximum sentence of 14 years and 4 months as his "bail."

Rather than point out in what respect the trial court's factual finding was "illogical, implausible, or without support in inferences that may be drawn from the facts in the record," *Hinkson*, 585 F.3d at 1263, the panel makes its own finding that counsel's ineffectiveness tainted the entire plea bargaining process and thus the district court's finding is an abuse of discretion. But no matter how you look at it, counsel's ineffectiveness did not cause Johnson to decide to fail to appear. And since counsel's ineffectiveness did not cause Johnson to accept the sentence if he failed to appear, he was not prejudiced by it, so the second prong of *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984), was not made out. As the trial court found, because Johnson was determined to see his child born, he accepted the 14 years and 4 month sentence he thought was the maximum sentence. And from that fact, the district court inferred that Johnson would have accepted the 11 years and 4 months sentence that was the actual maximum to which he could legally be sentenced. That makes all the sense in the world. In 13 years as a California state trial court judge, I never met a defendant who would not accept a lower bail.

Panels of this court continue to usurp power from the trial courts, despite our en banc court's attempt to clarify that allocation of power. Here, we had another opportunity to apply that clarification by going en banc, before it became necessary for the Supreme Court to clarify the abuse of discretion standard all appellate courts must follow. We should have taken this case en banc to prevent the usurpation ourselves.