UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA          )
                                  )
        v.                        )          Criminal No. 96-0210 (PLF)
                                  )
NORLAN FRANCISCO JIRON-MATUS,     )
                                  )
        Defendant.                )
                                  )

MEMORANDUM OPINION AND ORDER

Defendant Norlan Francisco Jiron-Matus, who has filed several unsuccessful

*pro se* motions under 28 U.S.C. § 2255 to reduce his sentence, has now filed a *pro se* motion to

obtain free transcripts of three of the hearings held in his case. Specifically, Mr. Jiron-Matus

requests that the Court order the preparation, at no cost to him, of transcripts from his July 1996

arraignment, an October 1996 status hearing, and a November 1996 status hearing. See Motion

for Leave to Apply for Transcripts ("Mot.") at 2.

The Court will deny Mr. Jiron-Matus' motion. The court of appeals has explained

the statutory requirements that must be met before a federal prisoner's request to obtain free

transcripts for use in post-conviction proceedings may be granted:

> Litigants do not have a constitutional right to a free transcript to
> assist them in preparing a collateral challenge to a criminal
> conviction. United States v. MacCollom, 426 U.S. 317 (1976).
> Pursuant to 28 U.S.C. § 753(f), an indigent prisoner may obtain a
> transcript at the expense of the United States "in proceedings
> brought under section 2255 of this title . . . if the trial judge or a
> circuit judge certifies that the suit or appeal is not frivolous and
> that the transcript is needed to decide the issue presented by the
> suit or appeal."

United States v. Levi, No. 96-3054, 1996 WL 587677, at *1 (D.C. Cir. Sept. 20, 1996); see

United States v. Edmond, No. 92-3293, 1993 WL 301138, at *1 (D.C. Cir. July 27, 1993)

(same); United States v. Stover, 576 F. Supp. 2d 134, 146 (D.D.C. 2008) ("While it is true that

28 U.S.C. § 753(f) allows for the provision of free transcripts in preparation for a habeas petition,

it does not require it.").

   Mr. Jiron-Matus offers no specific reason why he needs the transcripts that he has

requested.  The only portion of his motion that explains his purported need for these transcripts is

couched in the vaguest of terms:

> These documents are necessary for several reasons, first, the
> Movant alleges that the Court may have abused its discretion,
> which may be present in the above hearings.  Next the Movant
> states that it would illustrate that Counsel may have not performed
> up to the standard required under Strickland v. Washington, and
> Johsnon v. Uribe, 682 F.3d 1238, 2012 LEXIS 12799, No #
> 1155187, June 22, 2012)). (see e.g. Lafler v. Cooper, 566 U.S.
> ____, ____ 132 S.Ct. 1376, 182 L.Ed. 2d 398 (2012).

Mot. at 2.  Based on this explanation, which suggests little more than a desire to engage in an

unguided fishing expedition, the Court cannot certify that Mr. Jiron-Matus' prospective suit "is

not frivolous" or that the transcripts are "needed to decide the issue presented by the suit."  28

U.S.C. § 753(f); see United States v. MacCollom, 426 U.S. at 326-27.

   For these reasons, it is hereby

   ORDERED that Mr. Jiron-Matus' motion for leave to apply for transcripts

[Dkt. No. 39] is DENIED.

   SO ORDERED.


/s/_____
PAUL L. FRIEDMAN
DATE:   April 25, 2013     United States District Judge