**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TODD M. HONEYCUTT, | No. 14-16119 |
| Petitioner - Appellee, | D.C. No. 2:06-cv-00634-RLH-GWF |
| v. | |
| BILL DONAT, Warden; ATTORNEY GENERAL OF THE STATE OF NEVADA, | MEMORANDUM[*] |
| Respondents - Appellants. | |

| | |
|---|---|
| TODD M. HONEYCUTT, | No. 14-16127 |
| Petitioner - Appellant, | D.C. No. 2:06-cv-00634-RLH-GWF |
| v. | |
| BILL DONAT, Warden; ATTORNEY GENERAL OF THE STATE OF NEVADA, | |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Roger L. Hunt, Senior District Judge, Presiding
Argued and Submitted October 6, 2014
San Francisco, California

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: WARDLAW, W. FLETCHER, and WATFORD, Circuit Judges.

In a prior disposition, we reversed in part the district court's order denying petitioner Todd Honeycutt's writ of habeas corpus, holding that Nevada had violated Honeycutt's Sixth Amendment right to counsel by admitting uncounseled statements in Honeycutt's joint trial for sexual assault, kidnapping, and solicitation of murder. *Honeycutt v. Donat*, 535 F. App'x 624, 629 (9th Cir. 2013). We remanded the case to the district court to determine the appropriate remedy. Nevada appeals the district court's subsequent order vacating Honeycutt's solicitation of murder conviction in addition to his sexual assault and kidnapping convictions. We have jurisdiction under 28 U.S.C. § 2253 and we affirm.

We review *de novo* a district court's compliance with our mandate. *United States v. Kellington*, 217 F.3d 1084, 1092 (9th Cir. 2000). With regard to matters that have been decided, the court "cannot vary [the mandate], or examine it for any other purpose than execution; or give any other or further relief; or review it, even for apparent error, upon any matter decided on appeal; or intermeddle with it, further than to settle so much as has been remanded." *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 255 (1895); *see also Kellington*, 217 F.3d at 1093 (quoting *In re Sanford*). The district court is free to act, however, as to any issues that are not "foreclosed by the mandate." *Kellington*, 217 F.3d at 1092 (internal quotation and

citation omitted).  To distinguish matters that have been settled by this court from matters that have not, the district court should "consider the opinion the mandate purports to enforce as well as the procedural posture and substantive law from which it arises."  *Id.* at 1093.

We review a district court's habeas remedy for abuse of discretion.  *Johnson v. Uribe*, 682 F.3d 1238, 1243, *as amended by* 700 F.3d 413 (9th Cir. 2012).  If the district court used the correct legal standard, its decision will not be disturbed unless it was "illogical, implausible, or without support in inferences that may be drawn from facts in the record."  *Id.* at 1243 n.5.

In our prior mandate, we did not foreclose vacatur of Honeycutt's solicitation conviction as part of the remedy for the Sixth Amendment violation that infected Honeycutt's trial.  The district court accordingly acted within its discretion by vacating the solicitation conviction.  Given the nature of the error at issue in this case, it is clear that in any retrial of Honeycutt, Nevada will be required to try separately the solicitation charges from the sexual assault and kidnapping charges if it wishes to rely, in any way, on the evidence obtained in violation of *Massiah v. United States*, 377 U.S. 201 (1964).

**AFFIRMED.**