**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HECTOR H. ABURTO, | No. 18-56344 |
| Petitioner-Appellant, | D.C. No. 5:06-cv-00640-JLS-AFM |
| v. | |
| TIM PEREZ, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Submitted April 3, 2020**
Pasadena, California

Before: BEA and BADE, Circuit Judges, and DRAIN,*** District Judge.

Petitioner-Appellant Hector H. Aburto appeals from the district court's grant

of a conditional writ of habeas corpus ordering that Aburto be resentenced within

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Gershwin A. Drain, United States District Judge for
the Eastern District of Michigan, sitting by designation.

120 days rather than be retried on nine charges of forcible sexual assault. The parties stipulated that Aburto received ineffective assistance of counsel with respect to approximately fifty non-forcible sexual assault charges for which he was convicted because his trial counsel failed to object to those charges as time barred. The district court held, however, that Aburto failed to establish that his counsel's failure to object to the non-forcible charges as untimely prejudiced his defense on the forcible counts. The district court thus concluded that resentencing would be a sufficient remedy for the state court to address the additional term of incarceration resulting from Aburto's convictions on the untimely, non-forcible counts. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

To establish a claim for ineffective assistance of counsel, Aburto must show (1) constitutionally deficient performance by counsel (2) that prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Establishing *Strickland* prejudice is a "high bar," *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010), that is "highly demanding," *Kimmelman v. Morrison*, 477 U.S. 365, 382 (1986). "The legal question of whether a defendant received ineffective assistance of counsel is reviewed de novo, while any factual findings of the district court are reviewed for clear error." *Heishman v. Ayers*, 621 F.3d 1030, 1036 (9th Cir. 2010) (quoting *Stankewitz v. Woodford*, 365 F.3d 706, 714 (9th Cir. 2004)). Because the parties agree that the state court unreasonably rejected Aburto's *Strickland* claim,

2

we review that claim without the usual deference applied under the Antiterrorism and Effective Death Penalty Act of 1996. *See Frantz v. Hazey*, 533 F.3d 724, 735 (9th Cir. 2008) (en banc); *Howard v. Clark*, 608 F.3d 563, 571–72 (9th Cir. 2010). When a constitutional violation is established, we review the district court's remedy for abuse of discretion. *Johnson v. Uribe*, 700 F.3d 413, 424 (9th Cir. 2012).

The district court correctly found that Aburto's counsel's failure to object to the non-forcible charges as untimely did not result in *Strickland* prejudice with respect to the forcible counts. To establish prejudice, Aburto bears the "burden of showing that the decision reached" on the nine forcible sexual assault charges "would reasonably likely have been different absent the errors." *See Strickland*, 466 U.S. at 696. But at a trial on just the forcible counts, the evidence regarding the non-forcible sexual assaults would have been "presumed admissible" as propensity evidence and would have been admitted unless the risk of undue prejudice "substantially" outweighed its probative value. *See People v. Cordova*, 358 P.3d 518, 539–40 (Cal. 2015) (citing Cal. Evid. Code §§ 352, 1108). Because this evidence is presumptively admissible and highly probative, *see People v. Villatoro*, 281 P.3d 390, 397 (Cal. 2012), the district court properly found that all or most of it would have been admitted at a trial on just the forcible counts. Further, the jury's verdict on the nine forcible sexual assault counts was not

"weakly supported" by the record. *See Strickland*, 466 U.S. at 696.

Accordingly, Aburto failed to establish that his counsel's failure to object to the non-forcible counts as untimely prejudiced his defense on the forcible counts. The district court therefore did not abuse its discretion in ordering that Aburto be resentenced as a remedy for the constitutional violation on the non-forcible counts.

**AFFIRMED.**