

## NUMBER 13-13-00459-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

JOSEPH FOLSE,                                                        Appellant,

v.

THE STATE OF TEXAS,                                                  Appellee.

### On appeal from the 347th District Court
### of Nueces County, Texas.

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza and Longoria
### Memorandum Opinion by Justice Garza

This appeal arises from the conviction of appellant, Joseph Folse, for felony driving while intoxicated (DWI) based on two prior DWI convictions. *See* TEX. PENAL CODE ANN. § 49.09 (West, Westlaw through Ch. 46, 2015 R.S.). By one multifarious issue, Folse alleges that (1) his trial counsel was ineffective for failing to challenge one of the prior DWI convictions; (2) his trial counsel was ineffective for advising him to enter into a plea

bargain for an enhanced sentence; and (3) his court-appointed appellate counsel was ineffective for failing to communicate over several months during a critical part of his appeal. We affirm the conviction.

## I. BACKGROUND

On July 22, 2013, Folse pled guilty to felony DWI pursuant to a plea bargain. The two prior DWIs alleged as elements of the charged offense were a 1982 misdemeanor DWI conviction in Dallas County and a 1998 misdemeanor DWI conviction in Collin County. At sentencing, Folse specially affirmed that the allegations regarding the prior DWI convictions were true. After a recess to clarify defense counsel's questions regarding a substance abuse program, Folse again admitted to his two prior convictions. The trial court found the allegations true and, following the State's recommendation made as part of the plea bargain, sentenced Folse to ten years in prison, assessed a $2,000 fine, suspended the prison sentence, and placed Folse on community supervision for five years.

On July 31, 2013, Folse filed a pro se notice to appeal. On August 9, 2013, Folse's trial attorney withdrew as counsel and, that same day, the trial court appointed attorney Alicia Cuellar to determine if there were sufficient grounds for an appeal. Cuellar had twelve days after her appointment to file a motion for new trial based on the July 22, 2013 judgment. See TEX. R. APP. P. 21.4(a) ("The defendant may file a motion for new trial before, but no later than 30 days after, the date when the trial court imposes or suspends sentence in open court."). No motion for new trial was filed and Folse did not meet with Cuellar until an appeals status hearing on April 23, 2014.[1] The undisputed reason for the

_____

[1] On September 20, 2013, we ordered Cuellar to, within thirty days, review the record and advise this Court as to whether Folse had a right to appeal. Because we received no response, on December 20,

2

delay in communication was Folse's participation in a drug rehabilitation clinic and subsequent participation in a halfway house. At the appeals status hearing, Cuellar submitted a letter to the trial court stating there were possible valid grounds for an appeal on the basis that Folse may have only one prior DWI conviction; therefore, "[p]robably his case should have been handled as a misdemeanor and not a felony."[2] The trial court certified Folse's right to appeal that same day. *See* TEX. R. APP. P. 25.2. According to the record, there was no further activity until July 2014, when the trial court granted Cuellar's motion to withdraw as appellate counsel. Folse's current appellate counsel was then appointed.

## II. DISCUSSION

Folse appeals based on ineffective assistance of counsel at the trial level and the appellate level. Folse argues his trial attorney erred by advising him to plead guilty to felony DWI where one of the two prior "convictions" was possibly not a conviction. Folse argues the 1982 DWI charge lacked a disposition, sentence, or specific offense; therefore, the charge was not a "conviction" for purposes of the DWI statute. *See* TEX. PENAL CODE ANN. § 49.09. He contends his trial counsel's failure to investigate the claim fell below the standard of objective reasonableness. Folse further alleges that Cuellar was ineffective for allowing the opportunity to file a motion for new trial to pass and for failing to contact him for over eight months. Although Folse's issue is multifarious, we

---

2013, we abated the appeal and remanded to the trial court for a hearing to determine why Cuellar failed to comply with the order, whether Folse desired to prosecute the appeal, whether Folse was indigent, and whether Folse was entitled to appointed counsel. The April 23, 2014 hearing was conducted for this purpose.

[2] Cuellar made this determination after a short recess from the hearing to confer with Folse regarding whether there were grounds for an appeal. Earlier in the hearing, Cuellar stated she was going to file a motion to dismiss the appeal.

3

decide to review it because we can identify his complaints with reasonable certainty. *See Stults v. State*, 23 S.W.3d 198, 205 (Tex. App.—Houston [14th Dist.] 2000, pet ref'd).

## A.    Standard of Review and Applicable Law

Both federal and state constitutions guarantee an accused the assistance of counsel. *See* U.S. CONST. amend. VI; TEX. CONST. art. I, § 10; TEX. CODE CRIM. PROC. ANN. art. 1.05 (West, Westlaw through Ch. 46, 2015 R.S.). In determining whether a criminal defendant was afforded ineffective assistance of counsel, the United States Supreme Court has set forth a two-prong test. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Rodriguez v. State*, 424 S.W. 3d 155, 158–59 (Tex. App.—San Antonio 2014, no pet.).

First, the appellant must demonstrate counsel's performance was deficient to such a degree that it fell below an objective standard of reasonableness. *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). The appellant must overcome the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Jaynes v. State*, 216 S.W.3d 839, 851 (Tex. App.—Corpus Christi 2006, no pet.). An allegation of ineffectiveness must be firmly founded in the record; that is, the record must affirmatively demonstrate the alleged ineffectiveness. *Bone v. State*, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002); *Thompson*, 9 S.W.3d at 814 n.6. "[T]rial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). "Absent such an opportunity, an appellate court should not find deficient performance unless the challenged conduct was 'so outrageous that no competent

4

attorney would have engaged in it.'" *Id.* (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)).

Once the appellant has demonstrated deficient assistance, he must then establish the second prong by showing there is a reasonable probability the final result would have been different but for counsel's errors. *See Thompson,* 9 S.W.3d at 812–13.

## B.   Trial Counsel

We first address Folse's claim regarding his trial counsel. Folse asserts that his trial counsel was ineffective for not investigating the possibility that his prior 1982 DWI was not a true conviction and by advising him to plead guilty to felony DWI.

"In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Strickland*, 466 U.S. at 691. Folse points to documents in the record which were attached to his judicial confession and stipulation that he signed pursuant to his plea bargain and which purport to provide an evidentiary basis for his prior DWI convictions. Relevant to the 1982 conviction, the record contains a letter by the Dallas County Clerk stating that all "Class A and B criminal case jackets prior to 1995 have been destroyed in accordance with Local Government Code 202.003." The letter stated that, "[a]s the goal of the Dallas County Clerk is to provide superior customer service, we have included this letter along with a computer printout of the case disposition as it appears in our criminal database." The four-page computer printout contains Folse's name and date of birth. However, it does not state what crime Folse was charged with and it does not explicitly state that he was convicted.[3]

---

[3] The computer printout states, in relevant part:

We conclude that Folse has not met the first prong of *Strickland* with respect to his trial counsel. First, there is nothing in the record showing why Folse's trial attorney did not seek to challenge the validity of the 1982 conviction, and a claim for ineffectiveness of counsel must be supported by the record. *See Bone*, 77 S.W.3d at 835; *Thompson*, 9 S.W.3d at 814 n.6.

Second, Folse has not shown that counsel's actions were so outrageous that "no competent counsel" could have engaged in it. *See Goodspeed*, 187 S.W.3d at 392. Even if counsel had determined that the validity of the 1982 conviction was in doubt, there are possible strategic reasons why Folse's trial counsel may have advised Folse to accept the plea bargain. For example, even if the computer printout from the Dallas County Clerk was insufficient by itself to establish the 1982 conviction, the State may have proven the 1982 conviction by other means, such as the testimony of a witness. There is nothing in the record establishing that the computer printout was the only evidence that the State could have obtained to prove the 1982 conviction. Because Folse admitted to the conviction in open court, the State was never called upon to provide any additional proof. *See, e.g., Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009) (noting that "[t]he United States Constitution does not require that the State present evidence in support of a guilty plea in Texas courts" and that, under article 1.15 of the code of criminal procedure, "the defendant may enter a sworn written statement, or may testify under oath in open

---

VERDICT DATE 072182 BY JG DISP PGBC . . .

SENTENCE DATE ___ BY __ TO __ YEARS __ MTHS __ DAYS __ HOURS __ . . .

PROBATED SENTENCE TO J YEARS __ MONTHS __ DAYS 30 . . .

PROBATED FOR YEARS __ MONTHS 12 DAYS __ PROBATION START DATE 072182.

[Abbreviations and blanks in original.]

6

court, specifically admitting his culpability or at least acknowledging generally that the allegations against him are in fact true and correct; and . . . so long as such a judicial confession covers all of the elements of the charged offense, it will suffice to support the guilty plea").

Further, even if counsel believed the 1982 conviction was invalid, he may have strategically advised Folse to plead guilty to the felony because the State was offering a plea bargain under which it would recommend probation. There is nothing in the record indicating that a similar plea bargain would have been on the table if Folse pleaded guilty to a misdemeanor. Indeed, as there is no dispute that Folse was previously convicted of DWI in 1998, jail time would have been mandatory if Folse had pleaded guilty to misdemeanor DWI. *See* TEX. PENAL CODE ANN. § 49.09(a) (stating that DWI is a Class A misdemeanor with a minimum term of confinement of thirty days if it is shown that the defendant has one prior DWI conviction).

For these reasons, we cannot agree with appellant's argument that no competent counsel would have allowed his client to plead guilty to felony DWI. Therefore, Folse has not sufficiently met the burden of proving the first prong of *Strickland*.[4]

## C. Initial Appellate Counsel

With regard to Folse's initial appellate counsel, Cuellar, Folse asserts that, due to her delay in communication, he defaulted on his right to file a motion for new trial. *See* TEX. R. APP. P. 21.4(a). As noted, Cuellar stated in a letter to the court the reason for the extended period of a lack of communication was that Folse was in a substance abuse

---

[4] We note that challenges requiring development of a record to substantiate a claim, such as ineffective assistance of counsel, may be raised in an application for writ of habeas corpus. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West, Westlaw through Ch. 46, 2015 R.S.); *Cooper v. State*, 45 S.W.3d 77, 82 (Tex. Crim. App. 2001).

program and then a halfway house. Folse does not dispute the facts set out in Cuellar's letter; nevertheless, he claims she was ineffective for her absence during a critical stage of the proceedings.

Cuellar contended in her letter that she could not have feasibly filed a motion for new trial within the applicable time limit because she was unable to confer with Folse until months later. However, even if Cuellar could not get in contact with Folse before the motion for new trial deadline, she had access to the trial record, which contained the Dallas County Clerk computer printout. A diligent review of the record would therefore have revealed some question regarding the validity of the 1982 "conviction" and may have alerted Cuellar of the need to file a motion for new trial in order to obtain testimony from trial counsel as to why he advised Folse to plead guilty to felony DWI.

In any event, assuming but not deciding that Cuellar was ineffective for failing to timely file a motion for new trial, we nevertheless conclude that Folse has not met the second prong of *Strickland*. As explained above, trial counsel could have reasonably advised his client to plead guilty to a felony and receive probation instead of either pleading guilty to a misdemeanor with jail time, or risking a trial with the possibility that the State produce additional evidence of the 1982 conviction and that Folse be found guilty of a felony with a possible punishment of up to ten years in prison. *See* TEX. PENAL CODE ANN. § 12.34 (West, Westlaw through Ch. 46, 2015 R.S.). Under these circumstances, we cannot say that it is "reasonably probable" that a motion for new trial alleging ineffective assistance would have been granted. *See Thompson,* 9 S.W.3d at 812–13.

### III. CONCLUSION

8

Because we find that at least one prong of *Strickland* is lacking as to both trial counsel and appellate counsel, we overrule Folse's issue. The trial court's judgment is affirmed.

DORI CONTRERAS GARZA,
Justice

Publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
2nd day of July, 2015.