

# Fourth Court of Appeals
## San Antonio, Texas

### OPINION

No. 04-12-00341-CR

Israel Ytuarte **RODRIGUEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2006CR2310
Honorable Mary D. Román, Judge Presiding

Opinion by: Catherine Stone, Chief Justice

Sitting: Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Patricia O. Alvarez, Justice

Delivered and Filed: February 5, 2014

REVERSED AND REMANDED

The State has filed a motion for rehearing alleging error in this court's opinion. In support of its motion, the State filed a supplemental reporter's record from a hearing held by the original trial judge at the time she recused herself from appellant's case. In light of the supplemental record, this court's opinion and judgment dated October 2, 2013, are withdrawn, and this opinion and judgment are substituted. The State's motion for rehearing is denied.

In multiple points of error, Appellant claims that he was entitled to a ten-year plea-bargain offer from the State and that the trial court was required to accept the ten-year plea agreement.

One of the reasons Appellant claims he is entitled to the ten-year plea-bargain offer is because he received ineffective assistance of counsel during the plea negotiations. Thus, he argues, the proper remedy under *Lafler v. Cooper*[1] is to require the State to reinstate its ten-year plea-bargain offer and to require the trial court to accept the plea agreement. The State argues that the trial court was free to exercise its discretion in rejecting the ten-year plea agreement so there was no error. We reverse the judgment of the trial court, concluding the State was required to reoffer the ten-year plea bargain after the original trial judge, the Honorable Lori Valenzuela, recused herself.

### BACKGROUND

Appellant was charged with three counts of sexual assault of a child, six counts of indecency with a child by contact, and one count of indecency with a child by exposure. The State also filed a notice of enhancement based on a prior conviction. Before trial, the State offered Appellant a plea bargain recommending that he serve ten years in prison. Based on advice from his trial counsel, Appellant declined the State's offer and proceeded to trial. The jury found Appellant guilty on nine of the counts, found the enhancement to be true, and returned a verdict of eight life sentences and one twenty-year sentence. Appellant was sentenced accordingly.

After trial, Appellant retained new counsel and filed a motion for new trial. The motion for new trial alleged that trial counsel provided ineffective assistance of counsel during the plea negotiations and trial, including a claim that erroneous advice led Appellant to reject a favorable plea bargain offered by the State. Attached to the motion was an affidavit by trial counsel stating that this was his first criminal jury trial and that he provided ineffective assistance due to his lack of experience and knowledge in criminal law. After a hearing, the trial judge granted Appellant's

---

[1] 132 S. Ct. 1376 (2012).

motion for new trial and also granted Appellant's motion to require the State to reinstate its plea-bargain offer of ten years.

As ordered, the State reinstated its ten-year offer, and Appellant accepted it. The plea agreement was presented to the trial judge, and she admonished Appellant and accepted his stipulations of guilt. The trial judge then rejected the plea agreement and advised Appellant that he had the option to withdraw his guilty plea and proceed to trial or to accept a sentence of twenty-five years in prison. Appellant rejected the twenty-five year sentence.

The following morning, Appellant presented a motion to recuse the trial judge based on an alleged demonstration of prejudice. That same day, the trial judge signed an order voluntarily recusing herself from the case. Appellant's case was subsequently assigned to the Honorable Mary Román, and Appellant filed another motion to require the State to reinstate its plea-bargain offer of ten years. After hearing the parties' arguments regarding the motion to reinstate, Judge Román declared that "the slate [was] wiped clean" by the original trial judge's recusal. Thus, Judge Román stated that she had two options: (1) to accept a new plea agreement if one were reached; or (2) to proceed to trial.

The State offered Appellant a plea bargain of twenty-five years in prison, and he accepted it. As part of the agreement, Appellant pled guilty to five of the counts in exchange for the State's waiver of the other five counts. This plea agreement was accepted by Judge Román, and she signed judgments of conviction on the five counts. Appellant timely filed his notice of appeal.[2]

---

[2] The State claims Appellant has not preserved his complaint under Article 44.02 of the Texas Code of Criminal Procedure because he did not file a written motion asserting his right to enforce the original ten-year plea-bargain offer. *See* TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2006). We disagree. Appellant filed his motion for reinstatement of the ten-year plea-bargain offer in both the original trial judge's and Judge Román's courts, and both motions specifically argued his entitlement to the ten-year sentence recommended in the original plea-bargain offer. Further, Judge Román certified Appellant's right to appeal under Texas Rule of Appellate Procedure 25.2(a)(2). *See* TEX. R. APP. P. 25.2(a)(2)(A) (permitting appeal of matters raised by written motion in cases where the judgment was entered pursuant to a plea bargain).

**STANDARD OF REVIEW**

A defendant's Sixth Amendment right to effective assistance of counsel extends to all critical stages of trial, including the plea-bargaining process. *Lafler v. Cooper*, 132 S. Ct. 1376, 1384, 1385 (2012); *Missouri v. Frye*, 132 S. Ct. 1399, 1405 (2012). A claim of ineffective assistance of counsel during plea negotiations is generally governed by the same two-prong standard announced in *Strickland v. Washington*.[3] *Lafler*, 132 U.S. at 1384–85; *Frye*, 132 S. Ct. at 1405. The first prong of the *Strickland* standard, referred to as the performance prong, requires a showing "that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. 668, 688 (1984); *see also Lafler*, 132 S. Ct. at 1384. The second prong of the *Strickland* test requires the defendant to demonstrate that counsel's ineffective assistance of counsel caused prejudice. *Strickland*, 466 U.S. at 694; *see also Lafler*, 132 S. Ct. at 1384.

To establish prejudice in the plea-bargaining process, "a defendant must show the outcome of the plea process would have been different with competent advice." *Lafler*, 132 S. Ct. at 1384; *Frye*, 132 S. Ct. at 1410. Where counsel's ineffective assistance causes a defendant to imprudently reject a plea-bargain offer and stand trial, the defendant must show there is reasonable probability that: (1) the defendant would have accepted the plea; (2) the prosecution would not have withdrawn the plea; and (3) the court would have accepted the terms of the agreement and "the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Lafler*, 132 S. Ct. at 1385; *Ex parte Argent*, 393 S.W.3d 781, 784 (Tex. Crim. App. 2013).

The Supreme Court has defined "a reasonable probability" as "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In other words, a reviewing court must determine "whether it is 'reasonably likely' the result would have been different."

---

[3] 466 U.S. 668 (1984).

*Harrington v. Richter*, 131 S. Ct. 770, 791–92 (2011). "This does not require a showing that counsel's actions 'more likely than not altered the outcome,'" but "[t]he likelihood of a different result must be substantial." *Id.* at 792. Claims of ineffective assistance of counsel made in state court are construed in accordance with federal law. *Ex parte Argent*, 393 S.W.3d at 784.

**DISCUSSION**

### A. Trial Counsel's Performance

In this case, Appellant filed a motion for new trial alleging that trial counsel provided ineffective assistance of counsel to Appellant during the pretrial, trial, and punishment phases of his case. Specifically, the motion stated that trial counsel's complete lack of criminal trial experience led trial counsel to advise Appellant that it would be easy to obtain an acquittal. The motion also details the alleged mistakes made and incompetence exhibited by trial counsel during pretrial plea negotiations, trial, and the punishment phase. Trial counsel signed a sworn affidavit admitting his ineffectiveness and incompetence as described in the motion for new trial. After a hearing on the motion, the trial court granted the motion for new trial. The State does not challenge the trial court's implicit finding that trial counsel provided Appellant ineffective assistance of counsel. *See State v. Herndon*, 215 S.W.3d 901, 907 (explaining that even when a trial court grants new trial "in the interest of justice," "the trial court does not have discretion to grant a new trial unless the defendant shows that he is entitled to one under the law"). Thus, we will proceed to determine whether trial counsel's ineffective assistance of counsel prejudiced Appellant.

### B. Prejudice

1. Likelihood Appellant Would Have Accepted the Plea Bargain

The first step in determining whether trial counsel's ineffective assistance was so prejudicial that the outcome of the plea process would have been different with competent counsel is to determine whether there is a reasonable probability that Appellant would have accepted the

plea offer had he been given competent advice. *See Lafler*, 132 S. Ct. at 1385. When the original trial judge was considering the ten-year plea agreement after she ordered it to be reinstated, she commented that prior to trial Appellant insisted he would not agree to a plea bargain. While we recognize that "a court may take account of a defendant's earlier expressed willingness, or unwillingness, to accept responsibility for his actions," we do not find Appellant's earlier refusal to accept a plea determinative in this case. *See id.* at 1389.

At the time Appellant expressed this sentiment, he was relying upon trial counsel's improvident opinion that an acquittal would be easy to obtain. We cannot allow the same incompetent advice that rendered trial counsel's assistance ineffective to be used as a means of preventing appellant from demonstrating that counsel's ineffective assistance was prejudicial. *See Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986) ("A layman will ordinarily be unable to recognize counsel's errors and to evaluate counsel's professional performance; consequently a criminal defendant will rarely know that he has not been represented competently until after trial or appeal, usually when he consults another lawyer about his case." (internal citation omitted)). Further, after obtaining new, competent counsel, Appellant accepted a plea agreement with a longer sentence than the original agreement.[4] *See Frye*, 132 S. Ct. at 1411 (stating that "[t]he Court of Appeals did not err in finding [that] Frye's acceptance of the less favorable plea offer indicated that he would have accepted the earlier (and more favorable) offer"). Thus, we conclude that if Appellant had received competent advice prior to trial, there is a reasonable probability that he would have accepted the original ten-year plea-bargain offer.

---

[4] There was some dispute in the trial court about whether the ten-year offer was the original plea-bargain offer made. For purposes of this appeal, we will refer to the ten-year plea offer as the original plea bargain and the twenty-five year plea offer, later accepted, as the subsequent plea bargain.

2. Likelihood the State Would Not Have Withdrawn the Plea Bargain

Next we must determine whether there is a reasonable probability that the State would not have withdrawn the plea-bargain offer prior to presenting it to the trial court. *See Lafler*, 132 S. Ct. at 1385. The State does not contend that the plea-bargain offer would have been withdrawn. In fact, when the trial judge ordered that the offer be reinstated, the State did so without argument. Additionally, there are no intervening facts or circumstances that likely would have led the State to withdraw the plea-bargain offer. *Cf. Frye*, 132 S. Ct. at 1404, 1411 (concluding that Frye could not demonstrate a reasonable probability that the prosecution would not have withdrawn its offer because Frye was, again, arrested for driving with a revoked license less than a week before the agreement would have been presented to the trial court).

3. Likelihood the Trial Court Would Have Accepted the Plea Agreement

Similar to the first two prejudice considerations, the Supreme Court provided little guidance on how a reviewing court should determine whether a reasonable probability exists that the trial court would have accepted the plea agreement. In fact, the *Lafler* majority seemingly assumed the trial court would have accepted the plea agreement. *Lafler*, 132 S. Ct. at 1391. The Court cited the lower court's opinion and stated: "[R]espondent has shown that but for counsel's deficient performance there is a reasonable probability he and the trial court would have accepted the guilty plea." *Id.* The court of appeals, however, discussed only the reasonable probability that the defendant would have accepted the plea-bargain offer, not the reasonable probability that the trial court also would have accepted the plea agreement. *Cooper v. Lafler*, 376 Fed. Appx. 563, 571–72 (6th Cir. 2010).

*Frye* offers slightly more guidance. When explaining the three considerations to be made under the prejudice prong of the ineffectiveness analysis, the Court stated:

> It can be assumed that in most jurisdictions prosecutors and judges are familiar with the boundaries of acceptable plea bargains and sentences. So in most instances it should not be difficult to make an objective assessment as to whether or not a particular fact or intervening circumstance would suffice, in the normal course, to cause prosecutorial withdrawal or judicial nonapproval of a plea bargain. The determination that there is or is not a reasonable probability that the outcome of the proceeding would have been different absent counsel's errors can be conducted within that framework.

*Frye*, 132 S. Ct. at 1410. This analysis suggests that the proper method for determining whether there is a reasonable probability that the trial court would have accepted the plea agreement is by assessing whether anything that would have affected the court's decision happened between the time the plea bargain was offered and the time it would have been presented to the trial court. As mentioned above, there were no intervening circumstances or events prior to trial that would permit us to objectively reason that the trial court would not have accepted the plea agreement. Although the trial judge rejected the ten-year plea agreement after the first trial, she voluntarily recused herself almost immediately thereafter. In view of the trial judge's recusal, we must refrain from considering her rejection of the plea agreement in making an objective determination about whether there is a reasonable probability that she would have accepted the plea agreement if it had been presented to her before trial.

Not surprisingly, four justices of the Supreme Court have recognized the difficulties inherent in this "process of retrospective crystal-ball gazing posing as legal analysis." *Id.* at 1412 (Scalia, J., dissenting). The degree of speculation demanded by this review is exacerbated in a case where the judge voluntarily recuses herself, seemingly on the basis of prejudice. Nonetheless, after reviewing the record as a whole, we conclude there is a reasonable probability that the trial court would have accepted the plea agreement prior to trial. Additionally, assuming the ten-year plea bargain offered by the prosecution was within the boundaries of acceptable plea bargains, as *Frye* suggests, the eight life sentences imposed after the trial in this case amplifies the prejudice

that resulted from trial counsel's ineffective assistance. *See id.* at 1410; *see also Lafler*, 132 S. Ct. at 1391 (indicating that the lengthier sentence received after trial was further proof of prejudice).

### C. *The Remedy*

The appropriate remedy "should be 'tailored to the injury suffered from the constitutional violation and should not unnecessarily infringe on competing interests.'" *Lafler*, 132 S. Ct. at 1388 (quoting *United States v. Morrison*, 449 U.S. 361, 364 (1981)). There is no one-size-fits-all remedy; instead, courts should devise a remedy that will "'neutralize the taint' of [the] constitutional violation." *Id.* (quoting *Morrison*, 449 U.S. at 365); *see also id.* at 1389 (explaining that under some circumstances it may be appropriate to uphold the sentence imposed at trial while other circumstances may require reinstatement and consideration of the plea-bargain offer). When determining an appropriate remedy, it is also important to consider that "[t]he Sixth Amendment mandates that the State bear the risk of constitutionally deficient assistance of counsel." *Kimmelman*, 477 U.S. at 379.

Since *Lafler*, few courts have addressed the appropriate remedy for ineffective assistance of counsel during plea negotiations. The United States Courts of Appeals for the Sixth and Ninth Circuits, however, have reached the issue and provided different remedies. In each case, the remedies were tailored to the specific harm. In *Johnson v. Uribe*, 700 F.3d 413 (9th Cir. 2012), Johnson was sentenced to an illegal sentence under a plea agreement because three of the prior convictions used by the district attorney as enhancements did not qualify as enhancements under the California penal code. *Id.* at 423. Prior to the hearing on the plea agreement, Johnson's counsel had failed to interview Johnson about the case, failed to investigate Johnson's alleged prior convictions, failed to speak to anyone from the district attorney's office about the case, and failed to do any research on possible appropriate sentencing options for Johnson. *Id.* at 422. The court determined that "[t]he Sixth Amendment violation here caused the entire plea negotiation process

between Johnson and the prosecution to be conducted based on an erroneous sentencing calculation," and that the proper remedy was to return Johnson to the "pre-plea stage and proceed under the correctly-calculated sentencing range." *Id.* at 426. This meant that Johnson was placed in the position he was in prior to negotiating a plea agreement because "[t]he inaccurate enhancements fundamentally altered the bargaining position of the two parties for the entire plea negotiation period." *Id.* at 427.

In *Titlow v. Burt*, 680 F.3d 577 (6th Cir. 2012), *cert. granted*, 133 S. Ct. 1457 (2013), Titlow's first attorney negotiated a plea bargain for a charge of manslaughter with a seven to fifteen year sentence range. *Id.* at 583. While in jail prior to her sentencing hearing, Titlow spoke with a sheriff who advised her not to plead guilty if she believed she was innocent and who recommended a different attorney, Toca. *Id.* Toca appeared at the sentencing hearing as Titlow's substituted counsel and informed the court that Titlow intended to withdraw her plea and her agreement to testify against her co-defendant unless the State agreed to a lower sentencing range. *Id.* at 583–84. The State did not agree to the desired sentencing range, and Titlow withdrew her plea. *Id.* Prior to the hearing, Toca did not obtain Titlow's file from or speak to her previous attorney, nor did he inspect discovery files from the prosecution. *Id.* at 584. About a month and a half after the hearing, Toca obtained Titlow's file and, shortly thereafter, withdrew as Titlow's counsel. *Id.* Titlow was appointed new counsel and proceeded to trial on a second-degree murder charge. *Id.* The jury found Titlow guilty, and she was sentenced to twenty to forty years in prison. *Id.* On appeal, the majority concluded that Toca provided ineffective assistance of counsel because Toca "failed to fulfill his 'clear obligation' to provide sufficient advice to Titlow during the plea-negotiation stage" when he made no investigation upon which to render advice and that this failure prejudiced Titlow. *Id.* at 590. The majority also concluded that the proper remedy under *Lafler* was to reinstate the original plea offer because it was for a lesser charge, with a lower sentencing

range from which the trial court could exercise its discretion in assessing Titlow's sentence. *Id.* at 592.

In this case, Appellant argues that he was entitled to have the original plea-bargain offer reinstated because his counsel provided ineffective assistance of counsel when he incorrectly advised him about the likelihood of prevailing at trial and about various evidentiary matters. Appellant also contends that he is entitled to specific performance of the plea agreement because, unlike the defendant in *Lafler*, he did not receive a fair trial with effective assistance of counsel. Thus, he argues, *Lafler* indicates the only adequate remedy under these circumstances would be enforcement of the ten-year plea agreement. The State, on the other hand, argues that Appellant received all the relief he requested by being granted a new trial and having the ten-year plea offer reinstated. The State further argues that the trial judge's rejection of the plea agreement was perfectly acceptable under *Lafler* because *Lafler* specifically permits the trial court to exercise its discretion in determining the appropriate sentence.

Although *Lafler* would provide support for the trial judge's rejection of the plea agreement, the discretion she exercised in rejecting the plea agreement cannot be viewed in isolation, but must be considered in light of her voluntary recusal. Thus, we conclude that Appellant was entitled to have the original plea offer presented to him and, if accepted, to have the plea agreement presented to a trial judge who had not recused herself. The only plea offer/agreement presented to Appellant or Judge Román, however, was the twenty-five year offer/agreement.

Notwithstanding the foregoing, however, we agree with the State's assertion that there is no authority supporting Appellant's contention that an impartial tribunal is required to accept a plea agreement. *See Lafler*, 132 S. Ct. at 1391 (explaining that the appropriate remedy was not specific performance but, rather, requiring the district attorney to reoffer the plea bargain and, presuming acceptance, allowing the trial court to exercise its discretion in how to proceed).

Appellant argues that, unlike the defendant in *Lafler*, he was not provided effective assistance at trial so an impartial tribunal should not be permitted to consider the sentence imposed based on that trial. While it may be true that the trial court should not consider the sentence given during Appellant's trial in deciding to accept the plea agreement, this does not alter the fact that a trial court always retains discretion to accept or reject a plea agreement presented to it. TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(2); *see Frye*, 132 S. Ct. at 1410. Thus, on remand, Judge Román will have the discretion to decide whether to accept or reject the plea agreement.

### CONCLUSION

Under the unique circumstances of this case, we conclude that the only way to neutralize the taint of trial counsel's ineffective assistance of counsel and the trial judge's voluntary recusal is to return Appellant to the position he would have been in prior to his counsel's improvident advice to reject a reasonable plea-bargain offer. The Supreme Court has declared that the principles announced in *Strickland* did not establish mechanical rules and that "the ultimate focus of inquiry must be on the fundamental fairness of the proceeding whose result is being challenged." *Strickland*, 466 U.S. at 696. We believe our interpretation and application of *Lafler* and *Frye* are consistent with the Court's admonition. Accordingly, we reverse the judgment of the trial court and remand the cause with instructions for the State to reoffer the original ten-year plea bargain and for further proceedings consistent with this opinion.[5]

Catherine Stone, Chief Justice

PUBLISH

---

[5] Because this claim is dispositive, we will not address Appellant's other points of error. TEX. R. APP. P. 47.1.