

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD–0278–14

---

### ISRAEL YTUARTE RODRIGUEZ, Appellant

### v.

### THE STATE OF TEXAS

---

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTH COURT OF APPEALS
### BEXAR COUNTY

---

**MEYERS, J., announced the judgment of the Court and delivered an opinion in which ALCALA, RICHARDSON, and NEWELL, JJ., joined. KELLER, P.J., and JOHNSON, KEASLER, and HERVEY, JJ., concurred. YEARY, J., did not participate.**

## O P I N I O N

Appellant was charged with ten counts of sexual assault of a child and indecency with a child. Based on the advice of his counsel, he declined the State's plea bargain recommending a ten-year sentence and proceeded to trial. The jury found Appellant guilty and assessed a punishment of eight life sentences and one twenty-year sentence. He filed a motion for new trial claiming ineffective assistance of counsel. The trial judge

granted the motion for new trial and motion to require the State to reinstate the plea-bargain offer of ten years. The State reinstated the plea offer, and Appellant accepted it. After admonishing Appellant and accepting his stipulations of guilt, the trial judge rejected the plea agreement and advised Appellant that he could withdraw his guilty plea and go to trial or accept a 25-year sentence. Appellant rejected the 25-year sentence and moved to recuse the trial judge on the basis of demonstrated prejudice. The judge voluntarily recused herself, and a new judge was assigned to the case. Appellant filed another motion to require the State to re-offer the ten-year deal. The new judge declared that the slate was wiped clean by the original judge's recusal but that she would accept a new agreement if one were reached. The State offered a plea deal of 25 years and Appellant accepted, pleading guilty to five of the counts in exchange for the waiver of the other five counts. The judge accepted the deal and signed the judgments of conviction.

## COURT OF APPEALS

Appellant appealed, claiming that he was entitled to a ten-year plea-bargain offer from the State and that the trial court was required to accept the ten-year plea agreement. To determine whether Appellant was prejudiced by his counsel's deficient performance, the court of appeals considered whether Appellant would have accepted the original plea deal had he been given competent advice by counsel, whether the State was likely to withdraw the plea bargain, and whether the trial court was likely to accept the plea bargain. *Rodriguez v. State*, 424 S.W.3d 155 (Tex. App.–San Antonio 2013).

Concluding that Appellant was indeed prejudiced, the court of appeals determined that the proper remedy was to require the State to reoffer the ten-year plea bargain and to have the agreement presented to a judge who had not recused herself. *Id*. at 163. The court of appeals disagreed with Appellant that he was entitled to specific performance of the plea agreement and stated that the new judge had the discretion to accept or reject the agreement. *Id*. The court of appeals reversed the judgment of the trial court and remanded the case with instructions for the State to re-offer the ten-year plea bargain. *Id*. at 164.

## ARGUMENTS OF THE PARTIES

The State filed a petition for discretionary review, which we granted to consider the following grounds for review:

1. Did the court of appeals err by considering the original trial judge's voluntary recusal?
2. Did the court of appeals err by concluding that there was a reasonable probability that the original trial judge would have accepted the original ten-year plea bargain?
3. Did the court of appeals err by concluding that the second trial judge was required to order the State to reoffer the ten-year plea bargain a second time?
4. Was the court of appeals correct to reverse the trial court's judgment as to conviction and sentence? Or should the court of appeals have only reversed the trial court's judgment as to sentence?

The State argues that the conclusions of the court of appeals regarding the original judge's recusal are unsound and affected the court's analysis. The State says that there is nothing in the record demonstrating the judge's bias in this case and Appellant's motion

to recuse did not allege any facts to support an allegation of bias. The State notes that although the judge rejected the ten-year plea bargain, she was within her discretion to do so. The State argues that a voluntary recusal, in and of itself, cannot be considered as evidence to support a claim under *Lafler v. Cooper*, 132 S.Ct. 1376 (2012) or *Missouri v. Frye*, 132 S.Ct. 1399 (2012).

The State contends that the court of appeals's conclusion that there was a reasonable probability that the original trial judge would have accepted the ten-year plea agreement was based on a misreading of *Frye* and the assumption that the trial judge was biased. According to the State, the court of appeals's reading of *Frye* conflicts with our holding in *Ex parte Argent*, 393 S.W.3d 781 (2013). The State asserts that, under the court of appeals's reasoning, the defendant has carried his burden of showing prejudice unless the State proves that the trial court would have rejected the plea bargain. The State says the record shows that both trial judges reviewed the case and the applicable law before denying Appellant's request for a ten-year sentence. And, because there is no evidence that the trial judge would have accepted the ten-year plea bargain, Appellant did not show prejudice.

Finally, the State argues that, even if the trial court erred, under *Lafler*, Appellant is entitled only to reconsideration of his sentence. Appellant has entered two voluntary guilty pleas, and his guilt is not in question. Because both of the bargained-for sentences were within the allowed range of punishment, the court of appeals should have affirmed

Appellant's convictions and remanded the case for the trial judge to determine the proper sentence.

Appellant argues that, in analyzing claims of ineffective assistance of counsel, a reviewing court should consider the entire record and review the claim under the totality of the circumstances. Thus, the court of appeals properly considered the recusal of the first judge. Appellant says that the court of appeals also properly followed our mandate in *Argent* and found that there was a reasonable probability that the trial court would not have rejected the plea agreement. Appellant argues that the State's proposed analysis would require direct testimony from the trial court on what it would have done in a particular scenario, which is not the burden of proof contemplated by *Strickland v. Washington*, 104 S.Ct. 2025 (1984). Appellant states that the court of appeals's remedy does nothing more than place him back in the position he was in prior to his misadvised rejection of a ten-year plea-bargain offer. This remedy neutralizes the taint of the Sixth Amendment violation and is consistent with the relief afforded the petitioner in *Lafler*. Finally, Appellant argues that the State's assertion that he is entitled only to a new sentencing hearing fails to neutralize the taint of the constitutional violation.

**CASELAW**

In *Frye*, defense counsel failed to inform the defendant that the prosecution had made two plea bargain offers–one to plead guilty to a felony with 10 days in jail, and a second to plead guilty to a misdemeanor with a recommended 90-day sentence. The

offers expired without Frye's knowledge, and he subsequently pleaded guilty with no underlying plea agreement and was sentenced to three years in prison. The Supreme Court noted that the negotiation of a plea bargain is a critical point and defense counsel have the responsibility to provide adequate assistance at this stage. *Frye*, 132 S.Ct. at 1407-08. The Court applied the *Strickland* standard and stated:

> To show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel. Defendants must also demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under state law. To establish prejudice in this instance, it is necessary to show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time.

*Id*. at 1409. Determining that Frye had shown that he would have accepted the plea offer had he known about it, the Supreme Court remanded the case to the court of appeals to consider whether the agreement would have been adhered to by the prosecution and accepted by the trial court. *Id*. at 1411.

The same day as the *Frye* decision, the Supreme Court considered *Lafler v. Cooper*. In *Lafler*, counsel did inform the defendant of the plea bargain offered by the State, but counsel advised the defendant to reject the favorable offer. The defendant followed his counsel's advice and rejected the deal, went to trial, and was convicted by a jury. The sentence returned by the jury was harsher than the one recommended by the

State in the plea offer. The Supreme Court reiterated that, to show prejudice in such circumstances, a defendant must show that, but for counsel's ineffective advice, there is a reasonable probability that the defendant would have accepted the plea offer, that the prosecution would not have withdrawn it, that the court would have accepted its terms, and that the conviction or sentence would have been less severe under the offer's terms than under the judgment and sentence that were, in fact, imposed. *Lafler*, 132 S.Ct. at 1385. The Court stated that when a defendant has shown prejudice, the appropriate remedy depends upon whether resentencing alone will fully redress the constitutional injury. If not, the proper way "to remedy the constitutional injury may be to require the prosecution to reoffer the plea proposal. Once this has occurred, the judge can then exercise discretion in deciding whether to vacate the conviction from trial and accept the plea or leave the conviction undisturbed." *Id*. at 1389. Specifically, the Court in *Lafler* decided that the proper remedy was to order the State to reoffer the plea agreement and if the defendant accepted the offer, the "trial court can then exercise its discretion in determining whether to vacate the convictions and resentence respondant pursuant to the plea agreement, to vacate only some of the convictions and resentence respondent accordingly, or to leave the convictions and sentence from trial undisturbed." *Id*. at 1391.

As the Supreme Court noted in *Frye*, courts must consider whether state law grants trial judges the discretion to refuse a plea. Texas Code of Criminal Procedure Article 26.13(a)(2) states:

> Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of the fact that the recommendation of: the prosecuting attorney as to punishment is not binding on the court. Provided that the court shall inquire as to the existence of a plea bargain agreement between the state and the defendant and, if an agreement exists, the court shall inform the defendant whether it will follow or reject the agreement in open court and before any finding on the plea. Should the court reject the agreement, the defendant shall be permitted to withdraw the defendant's plea of guilty or nolo contendere.

Thus Texas law provides trial judges with broad discretion even when there is a plea agreement between the State and the defendant.

In *Ex parte Argent* we considered whether to adopt *Lafler* and *Frye*'s more demanding standard for determining prejudice from ineffective assistance during the plea bargaining process. 393 S.W.3d 781. We followed *Lafler* and *Frye* and held that, to establish prejudice due to counsel's ineffective assistance in the context of pretrial plea negotiations, a defendant must show a reasonable probability that he would have accepted the original offer if counsel had not given ineffective assistance, that the State would not have withdrawn the offer, and that the trial court would have accepted the plea bargain. *Id*. at 784.

## ANALYSIS

First, we note that, in both *Lafler* and *Frye*, the defendants received fair trials with ineffective assistance only in the pretrial plea-bargaining process. In the case before us, a new trial was granted in the interest of justice because it was apparent to the trial judge "that not all of [trial counsel's] decisions were trial strategy and that some of them may

have not been correct assessments of either the case and/or the law." When a new trial was ordered, the convictions from the first trial were vacated and the case was restored to the pretrial position.[1] While this case is distinguishable from *Lafler* and *Frye*, Appellant was still entitled to a determination of whether he was prejudiced by his counsel's ineffective assistance during the initial plea bargaining process. We agree with the court of appeals that he was. Appellant likely would have accepted the ten-year plea deal had he received competent advice of counsel.[2] The State likely would not have withdrawn the plea because the record shows that there may have been difficulties getting the victims to testify at the time of trial.[3] The only question is whether there is a reasonable probability that the original trial judge would have accepted the ten-year plea agreement when it was initially offered, prior to the trial. While there were no intervening circumstances that would have given the trial court reason to reject the agreement, the trial judge would have

---

[1]Rule of Appellate Procedure 21.9(b) says, "Granting a new trial restores the case to its position before the former trial, including, at any party's option, arraignment or pretrial proceedings initiated by that party."

[2]The record does indicate that the State made the initial plea offers during the time Appellant was represented by his original attorneys. It is unclear whether the offers were relayed to Appellant and those attorneys were subsequently replaced by Appellant's trial counsel.

[3]At hearings after Appellant was granted a new trial, the prosecutor from the first trial stated that she had made the ten-year plea offer because the victims were "going through a whole lot of things personally" at the time the offer was made and she was not sure about their ability to testify. She stated that, as the years progressed and the trial began, "The girls were able to begin to deal with a lot of their issues. They were maturing. They were going through therapy, and there was a lot of healing that was going on in their family situation. And they were a lot more capable of sharing what had happened to them during the years when they had been involved with the defendant."

had Appellant's lengthy criminal history and extensive police reports for the charged offenses to consider. Despite this evidence against Appellant, there is nothing in the record to indicate that the trial judge would have rejected the agreement had it been presented to her prior to the trial. In answer to the State's second ground for review, the court of appeals did not err in concluding that there was a reasonable probability that the trial judge would have accepted the plea agreement.

Because Appellant was prejudiced by counsel's ineffective assistance in pre-trial plea bargaining, the first trial judge followed the remedy outlined in *Lafler* and ordered the State to reoffer the ten-year plea. However, despite the direction from *Lafler* and *Frye*, she did not have the option to leave the convictions from trial undisturbed because the convictions had already been vacated by the granting of a new trial. Thus, the trial judge's only choices were the same as they would be had the trial never occurred: to follow the prosecution's sentencing recommendation or to reject the agreement and allow the defendant to withdraw his plea. *See* CODE CRIM. PROC. § 26.13(a)(2). She exercised her discretion to reject the ten-year sentence and allowed Appellant to either accept a sentence of 25 years or to withdraw his guilty plea and go to trial.[4] When rejecting the

---

[4]As a repeat offender, Appellant was eligible for punishment from five to 99 years or life. Even after five of the counts were dropped by the State in exchange for a guilty plea, the judge could have chosen to make Appellant's sentences run consecutively. *See* TEX. PENAL CODE Section 3.03(b)(2)(B) (stating that, even if a plea agreement has been reached between the State and the defendant, a trial court has the discretion to order the sentences to run consecutively when a defendant is found guilty of more than one offense of child sexual assault and indecency with a child arising out of the same criminal episode). Thus, the judge in this case had a great deal of discretion in sentencing Appellant even though the State had agreed to a sentencing

reinstated plea agreement the judge stated, "I, of course, have had the opportunity to look at the evidence, but I have also sat through the evidence. And having done both, Mr. Rodriguez, I'm going to give you the opportunity, if you so wish, to withdraw your guilty plea. I am not going to take the plea bargain that's been outlined." Appellant withdrew his guilty plea, and the case was set for trial the following day.

Appellant filed a motion to recuse the trial judge, which stated that "The Judge granted Defense motion to require state to reinstate plea bargain offer of 10 years and thereafter rejected the plea bargain." Appellant said in his motion that this demonstrated prejudice against him and the judge must be removed from the case and a new hearing on his motion to reinstate the plea bargain offer must be held before an impartial court.

Rule of Civil Procedure 18a provides that when a motion to recuse a judge is filed, the judge must either sign an order of recusal or sign an order referring the motion to the regional presiding judge. Because the administrative judge who would have heard the defense motion was out of town, the trial judge voluntarily recused herself for "judicial efficiency so this case can move on." She stated:

> I am not acknowledging a single thing in that motion. There is nothing in that motion that I think is true. There's nothing in that motion that I would support. And I am in no way conceding anything that is in that motion. What I am saying is that there's a court available to try this case next week. This is a five-year-old case that needs to be tried. And frankly the ability that we have had for the past two hours to ascertain whether or not the fourth region administrative judge is available to hear this so it can be fought in an actual courtroom is not happening right now. And so rather

recommendation and to drop half of the charges against Appellant.

> than postpone it for three or four, or five more days for me to get up to say basically what I'm saying right now, I think is not in the best interest of time. And I think it just delays the case three, four, five, six–ten more days. Let's be very clear. There is no concession on that motion. I'm simply voluntarily agreeing that if this case is going to be heard in the next few days, it should be heard by someone else.

The case was then reassigned to a new judge.

In its first ground for review, the State asks us whether the court of appeals erred in considering the trial judge's voluntary recusal. The court of appeals considered the recusal in determining whether there was a reasonable probability that the trial judge would have accepted the plea agreement if it had been presented to her before trial. As stated above, we agree with the court of appeals's conclusion that the trial judge likely would have accepted the plea agreement prior to the trial. However, the court of appeals did err in assuming that the original trial judge had recused herself on the basis of prejudice. The court stated that "The degree of speculation demanded by this review is exacerbated in a case where the judge voluntarily recuses herself, seemingly on the basis of prejudice." *Rodriguez*, 424 S.W.3d at 161. There is nothing in the record indicating prejudice on the part of the original trial judge. She was within her discretion to reject the State's ten-year sentence and offer instead a 25-year sentence, which is still at the low range for the charged offenses. *See supra* note 4. Appellant's motion to recuse did not state any basis for prejudice on the part of the trial judge other than that she had granted his motion for the State to reoffer the ten-year plea deal and then rejected the plea deal. As we stated in *Gaal v. State*, 332 S.W.3d 448, 454 (Tex. Crim. App. 2011), "recusal is

not required when based solely on judicial rulings, remarks, or actions." Even the trial judge's comment that she was rejecting the plea agreement in part because she "sat through the evidence" at trial is not a basis for finding that the judge was prejudiced against Appellant. The Supreme Court stated that "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. US*, 510 U.S. 540 (1994). The court of appeals erred in holding that Appellant was entitled to have the original plea agreement presented to a trial judge who had not recused herself.

Appellant said in his motion to recuse the trial judge that her rejection of the plea agreement demonstrated prejudice against him and that a new hearing on his motion to reinstate the plea-bargain offer must be held before an impartial court. Although the trial judge's ruling did not demonstrate bias against him, Appellant still got what he asked for. After the trial judge's voluntary recusal, the second judge held a new hearing on Appellant's motion to reinstate the plea-bargain offer. She noted that the original judge had voluntarily agreed to recuse herself and stated, "Now, when that happens, everything, the slate is wiped clean. That means that a new judge, myself in this case, has two options: one, to accept a plea bargain agreement if it is offered and accept[ed] or go to trial." We agree. Upon recusal of the trial judge and assignment of the new judge, the

case started over from the beginning, and it was as if no plea negotiations had ever occurred. The court of appeals erred by concluding that the second judge was required to order the State to reoffer the ten-year plea bargain a second time and thus the State's third ground for review is sustained.

Because we hold that the trial court erred in reversing the trial court's judgment, we need not reach the State's fourth ground for review.

## CONCLUSION

Appellant received everything he requested in this case: the trial judge granted his motion for new trial, granted his motion to require the State to reoffer the most favorable plea deal, and then recused herself so that a new judge could hear the case. The new judge was not required to give Appellant what the previous judge, whom he sought to recuse, had already given him.

We reverse the decision of the court of appeals. The slate was wiped clean upon the recusal of the original trial judge and the court was entitled to start anew. The 25-year sentence that was offered by the State, agreed to by Appellant, and accepted by the trial court is reinstated.

Delivered: September 23, 2015

Publish