

# NUMBERS 13-14-00396-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**MARGARITA LARA,**                                              **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                      **Appellee.**

---

### On appeal from the 148th District Court
### of Nueces County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Benavides, Perkes and Longoria
### Memorandum Opinion by Justice Perkes

Appellant Margarita Lara pleaded guilty to the offense of prostitution, enhanced to a second-degree felony by her three prior prostitution convictions and two unrelated prior felony convictions.[1]  *See* TEX. PENAL CODE ANN. §§ 12.425, 43.02 (West, Westlaw

---

[1] Appellant's two prior two felony offenses included delivery of cocaine, *see* TEX. HEALTH & SAFETY CODE ANN. § 481.112 (West, Westlaw through 2015 R.S.), and aggravated assault of a public servant. *See* TEX. PENAL CODE ANN. § 22.02 (West, Westlaw through 2015 R.S.).

through 2015 R.S.).   The trial court deferred adjudication of guilt and placed appellant on community supervision for a period of five years.   The State later filed a motion to revoke appellant's community supervision based on multiple violations of community-supervision conditions.[2]   Appellant pleaded true to several violations, and, following a hearing, the trial court adjudicated appellant's guilt and sentenced her to twenty years' imprisonment. By two issues, appellant argues:   (1) the trial court's sentence constitutes "cruel and unusual punishment" in violation of the Eighth Amendment, *see* U.S. CONST. amend. VIII; and (2) the case should be remanded to an unbiased district court judge.   We affirm.[3]

## I.   CRUEL AND UNUSUAL PUNISHMENT

### A.   Standard of Review and Applicable Law

We review a trial court's sentencing order under an abuse of discretion standard. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984).   The Eighth Amendment provides:   "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."   U.S. CONST. amend. VIII.   The prohibition against "cruel and unusual punishments" guarantees individuals the right not to be subjected to excessive sanctions.   *Roper v. Simmons*, 543 U.S. 551, 560 (2005).

---

[2] This was the State's second motion to revoke.   The State alleged appellant committed the following violations of her community-supervision conditions:   (1) committing a criminal offense of possession or delivery of drug paraphernalia; (2) three failures to report to her probation officer; (3) failure to report a change in residence; and (4) failure to observe a curfew.   The State's earlier motion to revoke resulted in the trial court modifying the conditions of appellant's community supervision and ordering appellant to serve thirty days in the Nueces County Jail.

[3] As this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

2

As a general rule, a punishment falling within the applicable range prescribed by the legislature is not excessive, cruel or unusual under the Eighth Amendment, and will not be disturbed on appeal. *See Ex Parte Chavez*, 213 S.W.3d 320, 323–24 (Tex. Crim. App. 2006); *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984); *Rodriguez v. State*, 71 S.W.3d 778, 779 (Tex. App.—Texarkana 2002, no pet.). A narrow exception to the general rule is recognized when the sentence is grossly disproportionate to the offense. *Harmelin v. Michigan*, 501 U.S. 957, 1004–05 (1991) (Kennedy J., concurring); *Solem v. Helm*, 463 U.S. 277, 290–92 (1983). However, "outside the context of capital punishment, successful challenges to the proportionality of particular sentences [will be] exceedingly rare." *Solem*, 463 U.S. at 289–90 (quoting *Rummel v. Estelle*, 445 U.S. 263, 272 (1980)).

In *Solem*, the United States Supreme Court established three factors for analyzing proportionality: (1) the gravity of the offense relative to the harshness of the penalty; (2) the sentences imposed for other crimes in the jurisdiction; and (3) the sentences imposed for the same crime in other jurisdictions. *Id.* at 292. We consider the gravity of the offense in light of the harm caused or threatened to the victim or society and the culpability of the offender. *Sneed v. State*, 406 S.W.3d 638, 643 (Tex. App.—Eastland 2013, no pet.) (citing *Solem*, 463 U.S. at 292). Only if we infer that the sentence is grossly disproportionate to the offense will we then compare the sentence received to sentences imposed for similar crimes in Texas and sentences imposed for the same crime in other jurisdictions. *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992); *Sneed*, 406 S.W.3d at 643.

3

**B.     Analysis**

We first note that appellant did not preserve this issue for review on appeal.   To preserve a complaint of disproportionate sentencing, the defendant must make a timely, specific objection in the trial court or raise the issue in a motion for new trial.   TEX. R. APP. P. 33.1; *Heidelberg v. State*, 144 S.W.3d 535, 542–43 (Tex. Crim. App. 2004); *Quintana v. State*, 777 S.W.2d 474, 479 (Tex. App.—Corpus Christi 1989, pet. ref'd); *see also Montemayor v. State*, No. 13–10–00292–CR, 2011 WL 1844449, at *3 (Tex. App.— Corpus Christi March 17, 2011, no pet.) (mem. op., not designated for publication). Almost every right, constitutional or statutory, may be waived by the failure to object. *Broxton v. State*, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995); *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd).

Appellant did not object to her sentence at the hearing and did not file a motion for new trial asserting any constitutional complaints concerning the sentence.   Appellant complains on appeal that her trial counsel was prevented from objecting to the sentence because of the following admonishment from the trial court after he stated his intention to file a notice of appeal:   "Be quiet and sit down. I don't care what you have to say. One more word and you're going to join her. You may be excused."   Appellant maintains that "[h]ad the serious threat of incarceration not been made by the trial court, objections to the cruel and unusual nature of the sentence would have been made on the record." However, appellant cites no justification for failing to raise the issue in a motion for new trial.   *See Noland v. State*, 264 S.W.3d 144, 151–52 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (holding that when appellant failed to object to sentence at the

4

punishment hearing or complain about it in his motion for new trial, he failed to preserve Eighth Amendment complaint that punishment assessed was "grossly disproportionate and oppressive"). We conclude appellant failed to preserve this issue for review on appeal. *See* TEX. R. APP. P. 33.1.

Even if we were to address appellant's argument, we would determine that appellant's sentence was not grossly disproportionate to the gravity of the offense. *See Harmelin*, 501 U.S. at 1004–05. Appellant's twenty-year sentence is within the statutory range of punishment for a second-degree felony. *See* TEX. PENAL CODE ANN. § 12.33 (West, Westlaw through 2015 R.S.) (two-to-twenty-year punishment range of a second-degree felony), § 12.425 (penalties for repeat and habitual felony offenders on trial for state jail felony). Nevertheless, appellant maintains that "[b]eing charged as a repeat felony offender . . . does not mean that a maximum sentence . . . is appropriate or presumptively reasonable[,]" and that the sentence "was excessive and clearly should be reserved for more heinous offenders[.]" Appellant argues that "prostitution . . . is far less dangerous than many other crimes punished less harshly."

"[T]he presence or absence of violence does not always affect the strength of society's interest in . . . punishing a particular criminal." *Rummel*, 445 U.S. at 275. "A state with a recidivist statute is not required to treat a defendant as if an offense was his first but is entitled to place upon the defendant 'the onus of one who is simply unable to bring his conduct within the social norms prescribed by the criminal law of the State.'" *Hicks v. State*, 15 S.W.3d 626, 632 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd) (quoting *Rummel*, 445 U.S. at 284). Accordingly, a repeat offender's sentence is "based

not merely on that person's most recent offense but also on the propensities he has demonstrated over a period of time during which he has been convicted of and sentenced for other crimes." *Id.* (quoting *Rummel*, 445 U.S. at 284).

In this case, the State introduced evidence that appellant was previously convicted of two felony offenses—delivery of cocaine and aggravated assault of a public servant. This evidence was in addition to appellant's three prior convictions for prostitution. In light of appellant's multiple prostitution and felony convictions, we cannot conclude appellant's twenty-year sentence is grossly disproportionate. As such, we need not compare the sentence received to sentences imposed for similar crimes in Texas and sentences imposed for the same crime in other jurisdictions. *See McGruder*, 954 F.2d at 316; *Sneed*, 406 S.W.3d at 643. However, even if we were to review the remaining two factors, appellant presented no evidence at the punishment hearing concerning the sentences imposed in Texas and other jurisdictions for the commission of similar crimes. Therefore, we would be unable to make a comparative evaluation. *See Sullivan v. State*, 975 S.W.2d 755, 757 (Tex. App.—Corpus Christi 1998, no pet.); *Simmons v. State*, 944 S.W.2d 11, 15 (Tex. App.—Tyler 1996, no pet.). We overrule appellant's first issue.

## II. Bias or Appearance of Bias

Appellant requests that "if re-sentencing is granted, that it be in front of a different judge." Specifically, appellant complains that the judge "lacked the appropriate judicial temperament at and after sentencing [,] . . . that the judge's demeanor show[ed] a clear bias and animus against appellant and appointed counsel[,] . . . [and that it violated] the

6

Texas Codes of Judicial Conduct." *See* TEX. CODE OF JUDICIAL CONDUCT Canons 3(B)(3, 4, 8, 10). As support, appellant points to the above-quoted comments during sentencing.

Due to our disposition of appellant's first issue, we need not reach appellant's second issue. However, we note that appellant did not preserve this issue for review on appeal because appellant could have filed a recusal motion or a post-judgment motion for new trial, but failed to do so. We further note that no recusal hearing was held. *See* TEX. R. APP. P. 33.1; *see also Brumit v. State*, 206 S.W.3d 689, 644–45 (Tex. Crim. App. 2006); *Barfield v. State*, 464 S.W.3d 67, 81 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd) (reviewing allegation of trial court bias for fundamental error where defendant did not preserve issue for appeal through objections, motion to recuse, or motion for new trial).

Moreover, we conclude that the judge did not violate any Texas Code of Judicial conduct and that he did not otherwise demonstrate bias, impartiality, prejudice or any other reason for recusal based upon our review of the limited record.[4] Nothing in the record indicates that the judge held any particular or general antagonism whatsoever toward appellant, and nothing in the record shows that the judge deprived appellant of the consideration of the full range of punishment options. *See Rodriguez v. State*, 470 S.W.3d 823, 830–31 (Tex. Crim. App. 2015); *Gaal v. State*, 332 S.W.3d 448, 454–55 (Tex. Crim. App. 2011). We overrule appellant's second issue.

---

[4] An appellate court generally reviews an order denying a motion to recuse under an abuse of discretion standard. *Gaal v. State*, 332 S.W.3d 448, 456 (Tex. Crim. App. 2011). An appellate court should not reverse a recusal judge whose ruling on the recusal motion was within the zone of reasonable disagreement. *Id.* In its abuse-of-discretion review, an appellate court considers the totality of the evidence and information elicited at the recusal hearing to see if the record reveals sufficient evidence to support the recusal judge's ruling that the trial judge was unbiased. *Id.*

### III.    CONCLUSION

We affirm the judgment of the trial court.


GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
19th day of May, 2016.