**Opinion issued November 27, 2018**



In The

# Court of Appeals

For The

# First District of Texas

———————————

NO. 01-17-00241-CR

NO. 01-17-00242-CR

———————————

**CHARLESTON SINGLETARY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 178th District Court**
**Harris County, Texas**
**Trial Court Case Nos. 1498412 & 1498413**

## MEMORANDUM OPINION

Charleston Singletary was charged with aggravated assault of a family member and aggravated assault of a public servant.[1] He entered guilty pleas, and the court deferred adjudication and placed him on five years' community supervision in each case concurrently.

On appeal, Singletary contends that the trial court or he withdrew his guilty pleas and that insufficient evidence supported his community supervision. The record does not support his contentions. We affirm.

## Background

After being indicted for aggravated assault of a family member by impeding breathing and aggravated assault of a public servant,[2] Singletary pleaded guilty to each offense. He signed a written Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession, and he confessed to both offenses.

The trial court accepted Singletary's guilty pleas but deferred a finding of guilt, resetting the cases so a presentence investigation ("PSI") could be conducted

---

[1]    Case number 01-17-00241-CR refers to trial court case number 1498413, charging Singletary with aggravated assault of a family member. Case number 01-17-00242-CR refers to trial court case number 1498413, charging Singletary with aggravated assault of a public servant.

[2]    TEX. PENAL CODE §§ 22.01(a), 22.01(b).

and a PSI report prepared. In the PSI process, Singletary accepted responsibility but said that he was innocent of one or both charges.

The court responded by informing Singletary's counsel that the court would "allow" Singletary to withdraw his pleas. The court directed counsel to "confer with him," and "decide what y'all are going to do." Singletary did not withdraw his pleas.

The cases were reset for disposition five times. On February 22, 2017 (the final of those settings), the court entered orders of deferred adjudication and placed Singletary on five years' community supervision. On the same date, Singletary signed Conditions of Community Supervision documents, which stated that his pleas were guilty.

**Analysis**

Singletary contends that insufficient evidence supports the community supervision orders because, when the court entered them, Singletary had not pleaded guilty. He argues that the trial court or he withdrew his guilty pleas and that he did not enter new pleas. But neither the trial court nor Singletary withdrew the guilty pleas he entered on July 12, 2016. And sufficient evidence supported the orders of community supervision.

**A.    Guilty Pleas**

We first address whether Singletary's pleas remained on the record at the time the trial court entered the community supervision orders. They did.

## 1. The trial court did not withdraw Singletary's pleas.

The record does not support Singletary's contention that the trial court withdrew his guilty pleas. In a non-jury trial, the trial court *may* withdraw a guilty plea sua sponte when evidence inconsistent with guilt is introduced. *Moon v. State*, 572 S.W.2d 681, 682 (Tex. Crim. App. 1978); *Solis v. State*, 945 S.W.2d 300, 302 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd). But the trial court is not required to do so. *Moon*, 572 S.W.2d at 682; *see also Mendez v. State*, 138 S.W. 3d 334, 336 (Tex. Crim. App. 2004); *Houston v. State*, 201 S.W.3d 212, 219 (Tex. App.—Houston [14th Dist.] 2006, no pet.). Instead, the trial court must "consider the evidence submitted and as the trier of the facts decide that the evidence did not create a reasonable doubt as to guilt, or find the appellant guilty of a lesser offense and assess the appropriate punishment[,] or it may find the defendant not guilty." *Aldrich v. State*, 104 S.W.3d 890, 893 (Tex. Crim. App. 2003) (quotation and citation removed).

Accordingly here, when the trial court heard inconsistent statements after the defendant pleaded guilty and waived his right to a jury trial, the trial court was not required to withdraw Singletary's guilty pleas. *See Edwards v. State*, 921 S.W.2d 477, 480 (Tex. App.—Houston [1st Dist.] 1996, no pet.); *see also Houston*, 201 S.W.3d at 219; *Fisher v. State*, 104 S.W.3d 923, 924 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (no error when appellant entered valid plea but PSI report raised

question as to innocence); *Small v. State,* No. 01-01-01141-CR, 2002 WL 1481244, at *2 (Tex. App.—Houston [1st Dist.] July 11, 2002, pet. ref'd) (mem. op., not designated for publication).

And the record shows that trial court did not withdraw the pleas. Instead, the court said: "I think I am going to *allow* him to withdraw his plea at this time." The court then directed counsel and Singletary to "confer" and "decide what y'all are going to do." The court thus offered Singletary the opportunity to withdraw his pleas. Where, as here, a case has already been taken under advisement, the defendant may no longer withdraw his guilty plea without the court's permission. *See Jagaroo v. State*, 180 S.W.3d 793, 802 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd) (After a trial court has admonished a defendant, received the plea and evidence, and passed the case for presentence investigation, the case has been taken under advisement and the court has discretion over whether to allow the withdrawal of a plea). The trial court did not itself withdraw the pleas by permitting Singletary the opportunity to do so.

The trial court's use of "I think," its direction that Singletary confer with his counsel, and its statement that Singletary and his counsel should "decide what [they were] going to do" all confirm this conclusion. So too do the court's actions. The court did not enter pleas of not guilty, withdraw Singletary's judicial confession or any other document related to the pleas, or set the cases for trial.

5

Singletary similarly did not take action consistent with his pleas being withdrawn. He filed no motions concerning his pleas or a trial. Instead the only later-in-time documents in the record concerning the pleas are the Conditions of Community Supervision documents that Singletary signed on the date his community supervision was imposed. Both of these documents list his pleas as guilty.

We must presume that statements, documents, and proceedings are correct in the absence of direct proof to the contrary. *See Johnson v. State*, 72 S.W.3d 346, 349 (Tex. Crim. App. 2002); *see also Light v. State*, 15 S.W. 3d 104, 107 (Tex. Crim. App. 2000). This record shows no sua sponte judicial withdraw of Singletary's guilty pleas.

### 2. Singletary did not withdraw his pleas.

The record also refutes any contention that Singletary accepted the opportunity to withdraw his pleas. Texas law requires a defendant to take some affirmative action after pleading guilty to return to post-indictment status. *Mendez*, 138 S.W.3d at 350. But this record contains no evidence that Singletary filed a motion (or even asked) to withdraw his pleas or that he set the cases for trial.[3] *See id.* ("The appellant did not ask to withdraw his plea. If it had been in his interest to

---

[3] Singletary and his counsel had ample time to confer. Following the PSI hearing, the record includes five resets between September 2016 and February 2017.

do so, he would have known it"; "cases are common in which there is some evidence in the defendant's favor but the defendant . . . had validly chosen to plead guilty after weighing the advantage of such a plea against the chance of acquittal"); *cf. Rodriguez v. State*, 470 S.W.3d 823, 829 (Tex. Crim. App. 2015) (After court stated: "I'm giving you the opportunity, if you so wish, to withdraw your guilty plea," defendant withdrew guilty plea and set case for trial).

Singletary has not provided a transcript of the hearing at which the trial court ordered community supervision, and nothing in the record shows that Singletary withdrew his pleas at that hearing.[4] To the contrary, the record shows that Singletary signed a Conditions of Community Supervision document for each cause, and those documents list his pleas as guilty.

On this record, neither the trial court nor Singletary withdrew Singletary's guilty pleas.

## B. Sufficiency of the Evidence

Having concluded that neither the trial court nor Singletary withdrew Singletary's guilty pleas, we turn to Singletary's contention that the evidence was insufficient to support the orders for community supervision. It was not.

---

[4] Because we have no transcript of this hearing, it is possible that Singletary sought to revoke his pleas at the hearing, but the court sentenced him. To the extent that is his position, Singletary has not briefed this argument or presented a full record.

If "in the judge's opinion the best interest of society and the defendant will be served, the judge may, after receiving a plea of guilty or nolo contendere, hearing the evidence, *and finding that it substantiates the defendant's guilt*, defer further proceedings without entering an adjudication of guilt and place the defendant on deferred adjudication community supervision." TEX. CODE CRIM. PROC. art. 42A.101(a) (emphasis added). Relatedly, Texas authorizes a trial court to render a conviction based upon a plea of guilty only when sufficient evidence supports the conviction. *Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009); TEX. CODE CRIM. PROC. art. 1.15 (requiring the State to "introduce evidence into the record showing the guilt of the defendant . . . . [I]n no event shall a person charged be convicted upon a plea without sufficient evidence to support the same."). This is "an additional procedural safeguard required by the State of Texas." *Menefee*, 287 S.W.3d at 13.

Our appellate review of felony pleas of guilty is confined to determining, under article 42A.101(a) and 1.15 of the Code of Criminal Procedure, whether sufficient evidence supports the defendant's guilt. *Keller v. State*, 125 S.W.3d 600, 604–05 (Tex. App.—Houston [1st Dist.] 2003), *pet. dism'd, improvidently granted*, 146 S.W.3d 677 (Tex. Crim. App. 2004) (per curiam); *see also Cash v. State*, No. 14-12-00715-CR, 2013 WL 4511362, at *1 (Tex. App.—Houston [14th Dist.] Aug. 22, 2013, pet. ref'd) (mem. op., not designated for publication).

Evidence supporting a guilty plea may take several forms. *Menefee*, 287 S.W.3d at 13. It may be proffered in testimonial or documentary form, by oral or written stipulation, or as a judicial confession. *See id.* Deficiency in one form of proof may be compensated for by other competent evidence in the record. *Id.* at 14; *see also Jones v. State*, 373 S.W.3d 790, 793 (Tex. App.—Houston [14th Dist.] 2012, no pet.).

The evidence must embrace every element of the charged offense. *Staggs v. State*, 314 S.W.3d 155, 159 (Tex. App.—Houston [1st Dist.] 2010, no pet.). A defendant who pleads guilty need not concede the veracity of the evidence to which he stipulates, but if he does, the court will consider the stipulation to be a judicial confession. *See Stone v. State*, 919 S.W.2d 424, 426 (Tex. Crim. App. 1996); *Waage v. State*, 456 S.W.2d 388, 389 (Tex. Crim. App. 1970). When a judicial confession covers all elements of the charged offense, the confession alone is enough evidence to support a guilty plea and finding of guilt. *Menefee*, 287 S.W.3d at 13.

Singletary signed judicial confessions in both causes that tracked every essential element of each offense.[5] The stipulated facts in each document mirrored

---

[5] A person commits assault if the person "intentionally, knowingly, or recklessly causing bodily injury to another." TEX. PENAL CODE § 22.01(a)(1). The offense becomes a felony when committed against a person "the actor knows is a public servant while the public servant is lawfully discharging an official duty." *Id.* § 22.01(b)(1).

the allegations in the indictments. "[S]o long as such a judicial confession covers all of the elements of the charged offense, it will suffice to support the guilty plea." *Menefee*, 287 S.W.3d at 13.

Singletary also waived the right to a jury and "the appearance, confrontation, and cross-examination of witness, and [his] right against self-incrimination." He acknowledged, "I understand the above allegations and I confess that they are true and that the acts alleged . . . were committed on February 10, 2016." And he consented to the oral and written stipulation of evidence. Singletary signed the plea document for each charge, and his signature was sworn and subscribed by the district clerk. Singletary's counsel also signed the document, confirming that he had discussed it and its consequences with Singletary. The trial court signed the document as well, averring that Singletary appeared in court and entered pleas of guilty and that the court admonished Singletary of the consequences of the pleas. Singletary offers no argument that his pleas were not knowing or voluntary. And on the same day that the court ordered community supervision, Singletary signed a document for each cause that described his pleas as guilty.

---

A person commits the offense of assault by impeding breathing if a person "intentionally or knowingly or reckless causing bodily injury" by "impeding the normal breathing or circulation of the blood of the person by applying pressure to the person's throat or neck or by blocking the person's nose or mouth." TEX. PENAL CODE § 22.01(a)(1). The offense becomes a felony when committed against a family or household member. *See id.* § 22.01(b)(2)(B).

This record presents sufficient evidence to support the court's order for community supervision in each cause. Singletary's signed judicial confessions covered all elements of each charged offenses, admitted his culpability, and acknowledged that the allegations against him were true and correct. In the confession and admonishments, Singletary "acknowledged, independently of [his] guilty plea, that [he] committed each and every element alleged." *Cardenas v. State*, 403 S.W.3d 377, 381 (Tex. App.—Houston [1st Dist.] 2013), *aff'd*, 423 S.W.3d 396 (Tex. Crim. App. 2014) (citing *Menefee*, 287 S.W.3d at 13) (internal quotation marks removed). This is sufficient under Texas law. *Keller*, 125 S.W.3d at 605–06 (rejecting argument concerning contrary evidence because "judicial confession was sufficient evidence upon which the trial court could base its affirmative finding of a deadly weapon."); *Cardenas*, 403 S.W.3d at 381 ("When an appellant has provided a valid judicial confession to all of the elements of the offense, the record need not provide further proof.")

## Conclusion

Because neither Singletary nor the trial court withdrew Singletary's guilty pleas and because sufficient evidence supported the court's orders, we affirm.

Jennifer Caughey
Justice

Panel consists of Chief Justice Radack and Justices Brown and Caughey.

Do not publish. TEX. R. APP. P. 47.2(b).